Per Curiam :
This case presents the recurring question of the legal status of an employee of an Armed Forces Post Exchange. Plaintiff was separated on June 13, 1960, from his position as an employee of the Air Forces Europe Exchange, Army and Air Force Exchange Service, United States Air Force. Plaintiff seeks by this action to recover from the United States back salary and appropriate allowances lost for the period following his alleged wrongful separation from employment. The basis of his action is grounded on the claim that his separation was arbitrary and capricious in that the separating authorities did not comply with the prescribed Air Force regulations in attempting to effect his separation.
The United States has moved to have the 'petition dismissed on the ground that this court has no jurisdiction to grant a judgment against the United States for alleged salary due from employment by a nonappropriated fund instrumentality of the United States. Plaintiff has countered with a motion to join the Air Forces Europe Exchange, Army and Air Force Exchange Service, as a third party defendant.
In Gradall v. United States, 161 Ct. Cl. 714, 329 F. 2d 960, 964 (1963), we pointed out that the United States is not liable under contracts of the Exchange Service with third parties “including contracts with Exchange em *207 ployees.” See also, Pulaski Cab Co. v. United States, 141 Ct. Cl. 160, 157 F. Supp. 955 (1958). Plaintiff attempts to avoid this rule by arguing that his “claim here is not grounded upon the contract of employment but upon the arbitrary refusal of Air Force officials to comply with the specific provisions of Air Force Kegulations in attempting to effect plaintiff’s separation.” From this he argues that under 28 U.S.C. § 1491 (1958 Ed.)[1] we have jurisdiction to render a judgment against the United States based on a claim arising from the administration of a regulation of an executive department. It appears to us that this assertion takes for granted the very issue which is in controversy; i.e., whether this court has jurisdiction to render judgment in favor of the plaintiff and against the United States arising out of plaintiff’s employment by the Exchange Service, a nonappropriated fund instrumentality of the United States. In other words, plaintiff has to be an employee of the United States before we can correct the alleged wrong. We have repeatedly held, admittedly in other contexts, that an employee of the Exchange Service is not an employee of the United States. Gradall v. United States, supra; Brummitt v. United States, 165 Ct. Cl. 78, 329 F. 2d 966 (1963). We see no reason why we should depart from our prior holdings and apply some other rationale to the case at bar.
We are aware that plaintiff is placed in somewhat of a difficult position in that if he seeks redress of his claim in a Federal District Court directly against the Exchange Service his claim might be dismissed. Nimro v. Davis, 204 F. 2d 734 (D.C. Cir. 1953); Edelstein v. South Post Officers Club, 118 F. Supp. 40 (E.D. Va. 1951). However, we believe that in these situations (especially where the question of the waiver of sovereign immunity is involved) it is up to Congress to remedy this apparent harsh residt, and the courts should refrain from legislating by judicial fiat.
Consequently, for the reason stated above, defendant’s motion to dismiss is granted and plaintiff’s petition is dismissed. *208 Plaintiff’s motion to join the Exchange as a third party defendant is denied for the reason that this court does not have jurisdiction to grant a judgment against the Exchange Service, since recovery against the Exchange Service would be payable solely from non-appropriated funds (AFE. 60-10, AFE 147-7 (1959) par. 7) and 28 U.S.C. ,§ 2517(a) requires that all judgments rendered by us shall be paid out of appropriated funds.

 Section 1491 reads in pertinent part, as follows :
“The Court of Claims shall have jurisdiction to render judgment upon any claim against the united States founded either upon * * * any regulation of an executive department * *