Jane Michele **PITTS**, on behalf of herself and her minor children, **Dara PITTS** and **Janna Pitts**

v.

The **UNITED STATES**.

No. 657–80C.

United States Claims Court.

Jan. 27, 1983.

Michael Waughtel, Berkeley, Cal., for plaintiff.

Efrain Rivera, with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant; John W. Showalter, Washington, D.C., of counsel.

## ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

### OPINION

WHITE, Senior Judge.

The plaintiff, on behalf of herself and her two minor children, the survivors of the late Robert Bruce Pitts, asserts in this action a claim for survivor annuity benefits.

The matter is pending before the court at this time on cross-motions for summary judgment.

As explained later in the opinion, it is concluded that the cross-motions for summary judgment should both be denied.

The federal retirement statutes provide that a surviving spouse and children of an employee who dies after completing at least 18 months of civilian service are entitled to an annuity. 5 U.S.C. § 8341(d) and (e)(1) (1976 and Supp. V 1981). In previous administrative proceedings, the Civil Service Commission's Bureau of Retirement, Insurance and Occupational Health (BRIOH) denied death benefits to the plaintiff and her children on the ground that her late husband, Robert Bruce Pitts (decedent), had not completed 18 months of creditable service; and this determination was upheld by the Commission's Appeals Review Board.[1] The plaintiff contends, however, that the

1. The functions of the Appeals Review Board are now vested in the Merit Systems Protection Board pursuant to section 202 of the Civil Service Reform Act of 1978 (5 U.S.C. § 1205 (Supp. V 1981)).

Civil Service Commission erroneously failed to credit decedent with employment which would have caused his total federal service to exceed the requisite 18 months.

Decedent was employed by the Food and Drug Administration, within the Department of Health, Education and Welfare (now the Department of Health and Human Services), from October 14, 1973, until his death on December 11, 1974. He was also a civilian employee of the Air Force from July 1, 1966, to September 5, 1966. The parties agree that these periods of service constitute creditable federal service totaling 16 months and 3 days.

The plaintiff alleges in the petition that, in addition to the employment mentioned in the preceding paragraph, decedent "worked at least two months as an Air Force clerk" in Japan "[d]uring the summer of 1965." Then, in the plaintiff's response to the defendant's motion for summary judgment and cross-motion for summary judgment, reference is made to another alleged period of service with the Air Force from "May 28, 1966 through September, 1966."

In connection with the plaintiff's allegation that he worked as a clerk for the Air Force in Japan for at least 2 months during 1965, the administrative record contains a federal employment application form which was completed by decedent on June 22, 1966, and in which decedent claimed employment with the Air Force in Japan as a "file clerk" from "June 65 to July 65" at "$.35 per hour." There is also in the administrative record an "Itemized Statement of Earnings" for decedent from the Social Security Administration, showing total earnings of $4.00 during the July-September period of 1965 from the Central Base Fund of the Tachikawa Air Base in Japan. At the pay rate of 65 cents per hour mentioned by decedent, the earnings of $4.00 indicate employment for approximately 1 day.

With respect to the period of service from May 28, 1966, through September 1966 referred to by the plaintiff in her cross-motion for summary judgment as additional employment that should be credited for survivor benefit purposes, it must be noted that decedent has already been given credit by the Government for employment with the Air Force from July 1, 1966, to September 5, 1966. Consequently, it appears that the plaintiff can claim additional credit only for the period from May 28 through June 30, 1966, and for the period from September 6 through September 30, 1966. As for these periods, the "Itemized Statement of Earnings" from the Social Security Administration for the decedent shows earnings of $9.75 during the April-June period of 1966 and earnings of $137.70 during the July-September period of 1966, all from the Central Base Fund of the Tachikawa Air Base. (Decedent's 1966 earnings from the Central Base Fund were in addition to 1966 earnings of $679.28 from the Air Force.) The total earnings of $147.45, at 65 cents an hour, from the Central Base Fund indicate total employment of approximately 28 days.

If the 1 day and the 28 days mentioned in the two immediately preceding paragraphs were added to the 16 months and 3 days of decedent's creditable service, as to which there is no controversy between the parties, decedent would not have the requisite 18 months of federal civilian service needed to support the plaintiff's claim. The Government has not questioned decedent's employment by the Central Base Fund at Tachikawa Air Base for the necessary additional time. Both BRIOH and the Appeals Review Board concluded, however, that the Central Base Fund was a nonappropriated fund instrumentality and, therefore, that the decedent's employment at the base was not creditable federal service. Consequently, BRIOH and the Appeals Review Board held that the plaintiff and her children did not qualify for the survivors' annuity.

The administrative decision to deny benefits to decedent's survivors was based on 5 U.S.C. § 2105(c) (1976) (amended 1978), which in pertinent part provided as follows:

(c) An employee paid from nonappropriated funds of the Army and Air Force Exchange Service, Army and Air Force Motion Picture Service, Navy Ship's Stores Ashore, Navy exchanges, Marine Corps exchanges, Coast Guard exchanges,

and other instrumentalities of the United States under the jurisdiction of the armed forces conducted for the comfort, pleasure, contentment, and mental and physical improvement of personnel of the armed forces is deemed not an employee for the purpose of—

(1) laws * * * administered by the Civil Service Commission * * *.

The plaintiff challenges the administrative reliance on certain hearsay evidence in concluding that decedent was paid from nonappropriated funds at Tachikawa Air Base. In this connection, the Appeals Review Board stated in its decision that evidence in the case file showed that the Department of the Air Force informed BRIOH on January 30, 1976, that employees paid from the Central Base Fund were nonappropriated fund employees. The evidence referred to apparently consists of a handwritten note, dated "1–30–76", of a telephone conversation. The name and presumably the telephone number of a "Mrs. O'Leary" appear on the note, which also includes the message "Central Base Fund employees ppd. from non appropriated funds—not Federal service:—" The note is signed by an "M. Angel".

■ It is well settled that hearsay evidence is admissible in an administrative proceeding if it is "sufficiently convincing to a reasonable mind and reveals sufficient assurance of its truthfulness." *Pascal v. United States,* 211 Ct.Cl. 183, 191, 543 F.2d 1284, 1289 (1976); *see also, e.g., Schaefer v. United States,* 224 Ct.Cl. 541, 554–55, 633 F.2d 945, 952 (1980). Moreover, hearsay can constitute substantial evidence if a reasonable mind might accept it as adequate to support a conclusion. *E.g., Richardson v. Perales,* 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Duvall v. United States,* 227 Ct.Cl. 245, 250, 647 F.2d 131, 134 (1981); *Cooper v. United States,* 226 Ct.Cl. 75, 80–81, 639 F.2d 727, 730–31 (1980); *Wathen v. United States,* 208 Ct.Cl. 342, 355–56, 527 F.2d 1191, 1199 (1975), *cert. denied,* 429 U.S. 821, 97 S.Ct. 69, 50 L.Ed.2d 82 (1976); *Reil v. United States,* 197 Ct.Cl. 542, 547–49, 456 F.2d 777, 780 (1972); *Jaco-*

*bowitz v. United States,* 191 Ct.Cl. 444, 452–58, 424 F.2d 555, 559–62 (1970).

■ It is evident from reading the decisions of this court's predecessor, the U.S. Court of Claims, that the hearsay evidence challenged in the present case was properly considered by the administrative tribunal. However, the court concludes that this hearsay does not constitute substantial evidence.

Most hearsay admitted in administrative hearings has at least the virtue of being in the form of a clear, formal statement, and it is usually sworn to by the declarant. These indicia of authoritativeness, accuracy, and reliability are completely lacking in this case. The critical deficiency in the evidence is that it fails to indicate that the information received during the telephone conversation—that the Central Base Fund was a nonappropriated fund—was received from a person in an authoritative position to possess this information. From the telephone message alone, the Appeals Review Board could not reasonably conclude that the Central Base Fund was a nonappropriated fund. Consequently, the Board's decision on this key issue is not supported by substantial evidence.

■ Also, a finding that the Central Base Fund was a nonappropriated fund does not, alone, make section 2105(c) applicable to decedent's service in 1965 and 1966. The section applies only to nonappropriated funds of specifically described instrumentalities of the Government. *See American Federation of Government Employees v. Resor,* 387 F.Supp. 63, 71 (D.D.C.1974), *aff'd sub nom. American Federation of Government Employees v. Hoffman,* 543 F.2d 930 (D.C.Cir.1976), *cert. denied,* 430 U.S. 965, 97 S.Ct. 1645, 52 L.Ed.2d 356 (1977). It appears that the Appeals Review Board and BRIOH failed to determine, or even consider, whether the decedent was employed by a nonappropriated fund instrumentality *of the type* described in section 2105(c).

The defendant relies on *Keetz v. United States,* 168 Ct.Cl. 205 (1964), in support of its argument that the Civil Service Commis-

sion correctly denied plaintiff's application for survivor annuity benefits. *Keetz* (*id.* at 207) and several other cases established the rule that the Court of Claims lacked jurisdiction to decide claims brought against nonappropriated fund instrumentalities. *See also, e.g., Pulaski Cab Co. v. United States,* 141 Ct.Cl. 160, 162–66, 157 F.Supp. 955, 956–58 (1958); *Borden v. United States,* 126 Ct.Cl. 902, 909, 116 F.Supp. 873, 878 (1953). The court held in *Keetz* (168 Ct.Cl. at 207) that an employee of a nonappropriated fund instrumentality was not an employee of the United States. *See also, e.g., Gradall v. United States,* 161 Ct.Cl. 714, 716, 329 F.2d 960, 964 (1963).

In the present action, however, the jurisdiction of the court to decide the plaintiff's claim is not an issue; the claim is not *against* a nonappropriated fund instrumentality. Consequently, the relevant authority on whether decedent was an employee of the United States during the period in question is not *Keetz* and the line of cases it represents, but 5 U.S.C. § 2105. Since, as previously stated, the Civil Service Commission's consideration of section 2105(c) was incomplete, the administrative decision cannot be sustained.

The plaintiff has asserted two additional grounds for overturning the decision of the Civil Service Commission. First, the plaintiff contends that decedent has not been credited with all of his accumulated unused sick leave. The administrative record establishes, however, that decedent was credited with his unused sick leave for the period of 16 months and 3 days which both parties agree constitute creditable service. The plaintiff's second contention is that, as decedent paid social security taxes during 1965 and 1966, those periods of service are creditable pursuant to Federal Personnel Manual (FPM) Supplement 831–1. However, because the FPM manual and 5 U.S.C. § 2105(c) contain the same definition of an employee in the "civilian service," the plaintiff's entitlement to a survivor's annuity remains contingent on a determination as to whether decedent was employed by a nonappropriated fund instrumentality of the kind specified in section 2105(c).

*Conclusion*

For the reasons stated in the opinion, the court concludes that there is in the case a genuine issue as to a material fact (*i.e.,* whether the Central Base Fund of Tachikawa Air Base in 1965 and 1966 was a nonappropriated fund instrumentality and, if so, one of those referred to in 5 U.S.C. § 205(c)), that neither party is entitled to a judgment as a matter of law, and that the pending cross-motions for summary judgment should be, and they are hereby, denied.