**Robert V. WILLIAMS, Petitioner,**

**v.**

**VETERANS ADMINISTRATION and Merit Systems Protection Board, Respondents.**

**No. 82–1372.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1982.

Decided March 16, 1983.

Ronald D. Lahners, U.S. Atty., and Sally R. Johnson, Asst. U.S. Atty., D. Neb., Omaha, Neb., for respondents.

Evangeline W. Swift, Gen. Counsel, Lois S. Schwartz, Mary M. Jennings, Anna Maria Farias, Attys., Merit Systems Protection Bd., Washington, D.C., Merit Systems Protection Bd.

Richard C. Sheridan, Omaha, Neb., for petitioner.

Before BRIGHT and McMILLIAN, Circuit Judges, and HARRIS,* Senior District Judge.

BRIGHT, Circuit Judge.

Robert V. Williams petitions this court to review an order of the Merit Systems Protection Board (Board), reversing in part and affirming in part an initial determination by a presiding official, and imposing a penalty on Williams of a thirty-day suspension from his job for threatening his supervisor. We reverse the Board's order, and reinstate the decision and order of the presiding official. Additionally, we construe the presiding official's decision as recommending but not necessarily requiring the reassignment of Williams to another position.

I. *Background.*

The Veterans Administration Medical Center in Omaha, Nebraska, removed Williams from his position as research chemist, GS–9, effective January 2, 1981. The agency based its removal of Williams on four specifications of his alleged negligent workmanship and his alleged actions as threatening his supervisor. Williams filed a timely appeal from the Medical Center's action with the Board's St. Louis regional office. Following a hearing, the presiding official issued an initial decision in which he found that the agency had failed to prove, by a preponderance of the evidence, any of the charges. Therefore, the presiding official ordered the agency to cancel Williams' removal action. The presiding official also stated in his decision that "it is recomended that appellant be reassigned to another laboratory * * *."

* OREN HARRIS, United States Senior District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

The Medical Center filed a timely petition for review with the Board, alleging that the presiding official erred because he misconstrued the evidence of record in each of the five charges. On review, the Board affirmed in part and reversed in part. The Board found that the presiding official correctly decided that the agency did not prove by a preponderance of the evidence the charges concerning Williams' negligent workmanship. The Board found, however, that the presiding official erred in finding that the charge of threatening Williams' supervisor was not proven by a preponderance of the evidence. The Board determined, nonetheless, that the determination that Williams had threatened his superior did not merit removal of Williams from his position as research chemist. The Board therefore concluded that the maximum reasonable penalty which could be imposed was a thirty-day suspension. The Board also stated that "it would be in the best interests of both the agency and appellant if he were reassigned out of Dr. Tobin's laboratory." Williams appealed the Board's decision to this court.

II. *Discussion.*

We note initially that the Board is entitled to substitute its own determinations of fact for those of the presiding official. *See Weaver v. Department of Navy,* 2 MSPB 297, 298 (1980), *aff'd,* 669 F.2d 613 (9th Cir.1982). *See also McDonough v. United States Postal Service,* 666 F.2d 647, 648 n. 1 (1st Cir.1981) ("The Board, like any other agency, is entitled to substitute its judgment for that of one of its hearing examiners."). However, the decision of the Board reversing the presiding official and finding that Williams had threatened his supervisor cannot stand unless it is supported by substantial evidence.

In order to prove actionable misconduct, an agency must show an apparent threat and an attendant apprehension. *Sierra v. Department of the Army,* MSPB Order No. NY075209096 (Apr. 29, 1981).

Thus, whether a statement made by one person to another is a threat depends partly on the intent of the person making the statement and partly on the perception of the person to whom the statement is made. The presiding official noted at the hearing that the agency's charge of threats by Williams against his supervisor was as follows:

On November 7, 1980, you threatened your supervisor by stating words to the effect of "At some time in the future, at a time that I will decide, you and I are going to have a bad confrontation." When asked in front of a witness (Richard Serpan) whether you had said that, you replied to the effect of "Yes I did say that." When your supervisor then stated that she would not tolerate threats you replied to the effect "That wasn't a threat, that's a fact."

The presiding official then reviewed the evidence of threats to Williams' supervisor.

In his written reply, at his oral reply, and in his hearing testimony, the appellant has consistently asserted that he never intended to threaten his supervisor and that his statement to her only occurred during a heated discussion based on difficulties he and the supervisor had had over professional matters, to wit, aspects of appellant's performance. He stated that what he meant by a "bad confrontation" was a "bad argument" * * *.

Appellant's supervisor testified that she perceived appellant's statement to her as a threat * * *. The witness who did not hear the original statement but did overhear appellant's reiteration of it testified that, at that time, appellant seemed tense and hostile, that his voice was strained, and that he was quite flushed. In addition, he was observed to be quite angry and having trouble controlling his anger * * *. The witness further testified that, when appellant repeated his statement to him: "I don't see that statement as excluding the possibility of physical confrontation" * * *. [sic]

▮ The presiding official concluded that Williams did not actually intend to threaten his supervisor, but that his supervisor reasonably construed what he said as being a threat. No dispute exists that Williams

stated that he and his supervisor were "going to have a bad confrontation." However, when Williams repeated what he said in the presence of another employee, he stated "[t]hat wasn't a threat, that's a fact." Thus, Williams himself stated that he did not intend for the words "bad confrontation" to be taken as a threat. Moreover, it is important to understand the context in which Williams made the statement in question. Williams' discussion with his supervisor was only the latest of many such discussions about his performance. Williams had become tense, hostile, and irritated. Under such circumstances, a strong verbal, emotional response, does not, without more, indicate an intention to act with violence. In addition, the record lacks any evidence that Williams has ever raised his hand as if to strike his supervisor or made any other threatening motion to her.

A close examination of the record discloses no basis for any finding of a threat arising out of Williams' words and actions toward his supervisor. Thus, the Board's determination of fact, contrary to that of the presiding official, lacks any evidentiary support. Accordingly, we set aside the Board's determination here in question and reinstate the order of the presiding official relating to the alleged threat.

Issue the mandate forthwith.