Fred R. COOPER

v.

The UNITED STATES.

No. 493–79C.

United States Court of Claims.

Dec. 17, 1980.

---

Hubert H. Margolies, Washington, D. C., atty. of record, for plaintiff. Alan C. Todd, Winter Park, Fla., of counsel.

Benjamin F. Wilson, Atlanta, Ga., with whom was Asst. Atty. Gen. Alice C. Daniel, Washington, D. C., for defendant.

Before FRIEDMAN, Chief Judge, and KUNZIG and BENNETT, Judges.

ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

KUNZIG, Judge:

This civilian personnel action comes to us on the parties' cross-motions for summary judgment. We are confronted with the difficult problem of whether a government employee was properly terminated on the basis of alleged acts of sexual misconduct.

Cooper, a forty-six year old Federal Civil Service employee, contests removal from his position as an electronics engineer at the Naval Training Equipment Center in Orlando, Florida. He sues in this court for reinstatement and back pay. Because we are not satisfied that the removal decision in this case was supported by substantial evidence, we remand to the Merit Systems Protection Board (MSPB) for further evidentiary proceedings.

On November 15, 1976, plaintiff received an advance written notice of proposed removal. This notice informed plaintiff that he was being removed for "disgraceful conduct" adversely affecting the employer-employee relationship and set forth the conduct of plaintiff which served as the basis of his proposed removal as follows:

(1) According to a report of the Defense Investigative Service (DIS), on 9 February 1976 you were observed by an Orlando Police Officer manipulating your penis while watching a movie at the Mini-Adult Picture Theater at 38 E. Pine St., Orlando, Florida. You were arrested, and charged with indecent conduct and fined $100.

(2) According to the same report, on 12 April 1976 while in your house, you removed the panties of a five year old girl and licked her "privates". During an examination of the girl by Dr. Horna, a physician from the Orange County Medical Examiner's Office, a wet smear for sperm showed positive. While there were no witnesses to the incident, your son stated that he saw the girl in your house on 12 April 1976 and a second witness reported seeing the girl running from the house crying. You have admitted that the girl was alone with you in your house on 12 April 1976. You were arrested by officers of the Orange County Sheriff's Department, charged with involuntary

sexual battery and incarcerated in the Orange County jail from 12 April 1976 until 30 April 1976. The name of the victim is not shown here because she is a minor.

(3) While you were released and not prosecuted by the State Attorney's Office because the mother of the victim refused to allow her to testify against you, a careful review of the report of your conduct leads me to conclude that you are no longer suitable for employment as an Electronics Engineer representing the Naval Training Equipment Center and the Department of the Navy at other Federal installations and at contractors' plants. It is considered that the nature of your reported conduct adversely affects the employer-employee relationship and that it is not feasible for the Naval Training Equipment Center to continue to employ someone who has conducted himself in such an abhorrent manner. Therefore, to promote the efficiency of the service, it is considered in the best interest of the Government to propose your removal for disgraceful conduct.

The Government's notice of proposed removal was based upon information contained in four paragraphs of a Defense Investigation Service report (DIS report). The Government had before it no testimony of any witnesses, no statements—signed or unsigned, and no affidavits; it had just four paragraphs of the DIS report upon which to base its decision to remove plaintiff.[1]

After being given the opportunity to respond both orally and in writing, plaintiff was permanently removed from employment on December 21, 1976.

Plaintiff appealed the removal decision to the United States Civil Service Commission (CSC). On July 1, 1977, the CSC upheld the Navy's decision to remove plaintiff. Subse-quently, plaintiff filed a request with the Appeals and Review Board of the CSC to reopen, reconsider and reverse the July 1, 1977 decision. On June 7, 1979, the Office of Appeals Review of the Merit System Protection Board[2] denied plaintiff's request.

Plaintiff timely filed his petition in this court on November 1, 1979. He seeks reinstatement and back pay from the date of his removal, December 21, 1976.

Plaintiff's numerous arguments may essentially be distilled into one major point. Plaintiff maintains that the removal decision was unsupported by substantial evidence, having been based upon a highly attenuated form of uncorroborated hearsay. Therefore, plaintiff continues, the Navy abused its discretion in terminating his employment.

The Government, of course, perceives no defect in the evidence upon which its decision was based, and rejoins that the Navy did not abuse its discretion in removing plaintiff.

Plaintiff's argument clearly prevails: the Government's decision to remove plaintiff was unsupported by substantial evidence.

■ An agency must make at least two separate determinations in its decision to remove an employee: (1) did the employee commit the act(s) allegedly responsible for his removal; and (2) is there a nexus between the employee's misconduct and the efficiency of the service. *Young v. Hampton*, 568 F.2d 1253 (7th Cir. 1977); *Masino v. United States*, 218 Ct.Cl. 531, 589 F.2d 1048 (1978); *Wathen v. United States*, 208 Ct.Cl. 342, 527 F.2d 1191 (1975), *cert. denied*, 429 U.S. 823, 97 S.Ct. 69, 50 L.Ed.2d 82 (1976). Both determinations must be supported by substantial evidence. We do not quarrel with the Government's finding that sexual

---

1. Although the DIS report contained descriptions of both the indecent conduct and involuntary sexual conduct offenses, the Government conceded in open court that the indecent conduct charge, standing alone, would not have been a sufficient ground on which to base plaintiff's removal. Therefore, the Govern-ment's decision to remove plaintiff was essentially premised on the involuntary sexual battery charge. Accordingly this Opinion is, in major part, addressed to that charge.

2. Formerly the Appeals and Review Board of the Civil Service Commission.

misconduct adversely affects the employer-employee relationship. The difficulty is the lack of sufficient evidence demonstrating that the alleged misconduct actually occurred.

■■■ There is no dispute that hearsay evidence is admissible in an administrative proceeding. Nor is there any dispute that hearsay by itself may under certain circumstances constitute substantial evidence supporting an administrative determination. *Richardson v. Perales*, 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1972); *Peters v. United States*, 187 Ct.Cl. 63, 408 F.2d 719 (1969). Upon the specific facts of this case, however, the hearsay relied upon by the Government was not sufficient to constitute substantial evidence. We arrive at our conclusion basically for three reasons.

In removing plaintiff, the Government relied solely on the DIS report, the contents of which consisted merely of data excerpted from state arrest records, a police officer's report of interviews with witnesses, and a DIS interview with an investigator as to why no information was filed on the involuntary sexual battery charge. This type of attenuated and highly unreliable evidence is qualitatively, at best, triple hearsay. It is beyond doubt that the hearsay evidence before the Government should not have been given any probative force without *some* assurance of its creditability and reliability.[3] *See Richardson v. Perales, supra* at 402, 91 S.Ct. at 1427.

Moreover, the decision to remove plaintiff was based on barebone conclusions—unsifted, undifferentiated conclusionary statements contained in the DIS report. The Government made no attempt to go beyond the arrest records; it undertook no independent fact-finding investigation. As if to add insult to injury, the Government's investigator failed himself to take the stand at plaintiff's hearing.

Finally, the arrest data concerning the involuntary sexual battery charge focused on a statement made by the alleged victim—a five year old child. In describing the alleged incident, the child made reference to the licking of her "privates". Surely, the use of such a word by a young child would appear suspect; yet, the Government, in its reliance on that statement, made no attempt to corroborate or verify the trustworthiness of such information—neither does DIS pretend to have spoken to the child nor to the detective who spoke to the child. Furthermore, DIS did not even deign to take the statement of a single witness. Given the potential competency and creditability problems presented by a five year old child's statement, the Government's failure to conduct an adequate investigation prior to plaintiff's removal was inexcusable.

This is a case which cried out for factgathering and corroboration. We have none of that before us. As a result of the Government's shortcuts and self-imposed shortcomings, the evidence supporting plaintiff's removal was both quantatively de minimis and qualitatively, at best, triple hearsay.

Mr. Chief Justice Warren, in addressing an analogous point, stated:

Certain principles have remained relatively immutable in our jurisprudence. One of these is that where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue. While this is important in the case of documentary evidence, it is even more important where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy.

---

**3.** Although Cooper never denied the charges of sexual misconduct, and neither testified on his own behalf nor produced any witnesses attesting to his innocence at his hearing, we do not believe the inferences from such inaction are sufficient to overcome the lack of evidence supporting plaintiff's removal.

*Green v. McElroy*, 360 U.S. 474, 496, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959). Historically, the Supreme Court has been zealous to protect these individual rights from infringement. Not only has it spoken out in criminal cases, e. g., *Kirby v. United States*, 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890 (1899), but also in cases involving the review of administrative and regulatory actions. *E. g., Morgan v. United States*, 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129 (1937); *Reilly v. Pinkus*, 338 U.S. 269, 70 S.Ct. 110, 94 L.Ed. 63 (1949). Consistent with these decisions, our court has long been hesitant to allow unsubstantiated allegations of sexual misconduct to prevail in government personnel cases. *E. g., Yoder v. United States*, 204 Ct.Cl. 931, 933–934 (1974) (Kunzig, J., concurring opinion); *Cason v. United States*, 200 Ct.Cl. 424, 471 F.2d 1225 (1973); *Glidden v. United States*, 185 Ct.Cl. 515 (1968). For all of these reasons, we cannot sustain the Government's decision to remove plaintiff.

## CONCLUSION

Defendant's cross-motion for summary judgment is denied, plaintiff's motion for summary judgment is denied without prejudice to renewal, and the cause is remanded[4] to the MSPB pursuant to Rule 149 and 28 U.S.C. § 1491 (1976) with instructions to answer the following unresolved questions:

1. What tests, if any, were performed to determine whether the substance found on the child's panties or body was semen?

2. What tests, if any, were performed to determine whether the semen was in fact from plaintiff?

3. Was semen found on plaintiff's pants or person?

4. What was the relationship between plaintiff and child (prior contacts)?

5. What was the relationship between plaintiff and child's mother?

6. What was the age of plaintiff's son?

7. What was the relationship between plaintiff's son and child?

8. What was the mental and physical state of child (hysteria) when police arrived to take her statement?

9. How much time elapsed between the alleged sexual act and police notification?

10. Did Detective Paine question the child alone?

11. To what extent did the child's mother interfere when the child gave her statement to Detective Paine?

12. What was the mental and physical state of child subsequent to questions by Detective Paine?

13. Was the use of the word "privates" supplied by Detective Paine or anyone else?

14. What did the child mean by the use of the word "privates"?

15. Had the child previously used the word "privates"?

16. How many other people did the child have contact with on the day of the alleged sexual misconduct?

17. Why wasn't Detective Paine questioned by the agency investigator?

18. Did plaintiff have the opportunity to cross-examine Detective Paine?

19. Why did the DIS investigator fail to take the stand?

20. Why did the DIS investigator fail to conduct an independent investigation of the alleged misconduct?[5]

Given the sensitivity and gravity of the charges in this case, in answering these questions, the MSPB should, as far as possible, endeavor to obtain evidence based upon the firsthand knowledge of the individuals involved.

Following the decision by the MSPB, counsel are directed to submit full briefing covering all issues.

---

**4.** The Government conceded during oral argument that in the event the court deems further evidence to be warranted, a remand to the Merit Systems Protection Board for that purpose would be appropriate.

**5.** The court does not intend this list to be exclusive. The questions set forth in this Opinion are merely suggestive of the many unresolved matters which need further inquiry.

Further proceedings relating to plaintiff's claim are stayed before this court for a period of three (3) months from this date. Plaintiff's counsel is designated to advise the court by letter to the clerk of the status of the remand proceedings pursuant to Rule 149(f). *See also* Rule 150.

BENNETT, Judge, dissenting:

The court states that its trouble with the administrative decision in this case is that it does not believe there is substantial evidence to support the adverse action taken against plaintiff. Instead of disposing of the case on this basis, it ignores plaintiff's objection to a remand for the taking of additional evidence on the subject of whether plaintiff in fact committed the offenses with which he was charged and which were used as the basis for his removal from employment. The court, instead, gives defendant a second chance to prove its case.

I find this exceedingly curious because the court also states that plaintiff "never denied the charges of sexual misconduct, and neither testified on his own behalf nor produced any witnesses attesting to his innocence at his hearing."

In view of plaintiff's unwillingness even to deny the charges against him, and in view of the doctrine that it is the exclusive province and function of administrative agencies to determine if there are sufficient grounds to discharge an employee for the efficiency of the service, and in view of the limited scope of our review only to determine if the agency decision had a rational basis in fact and was not arbitrary or capricious or in conflict with law, why does this not end the matter here and now? It is plaintiff who has a right to have the case reversed if the administrative decision is not supportable. The court allows the Government to waive the plaintiff's right. Plaintiff specifically objected to a remand.

Logically, it is just too late for the court to seek answers to its questions about the quality of the evidence. Either there was sufficient evidence for the action taken or there was not. Additional evidence which can be developed now on whether plaintiff committed the charged acts is irrelevant. The law requires that there be sufficient evidence at the time of the determination by administrative proceedings. Corroborating evidence which could have been presented is of no value now to such a determination. And, of course, the court errs in asking for answers to 20 questions, the clear purport of which is to insist on a degree of proof which would establish plaintiff's guilt beyond a reasonable doubt. Such a standard, applicable to support charges in a criminal case, has no place in a civilian personnel action.

I dissent.