The final stage of this civilian pay case is now before the court on the parties’ renewed cross-motions for summary judgment. For the reasons set forth below, we hold for the Government.
Plaintiff, Fred R. Cooper, was removed from his position as an electronics engineer at the Naval Training Equipment Center in Orlando, Florida. The decision to remove plaintiff was based on various allegations involving sexual misconduct. On July 1, 1977, the Civil Service Commission (CSC) upheld the Navy’s removal decision. Subsequently, the Office of Appeals Review of the Merit Systems Protection Board (MSPB), denied plaintiffs request for review of the CSC’s decision. Plaintiff timely filed his petition in this court on November 1,1979, seeking reinstatement and back pay from the date of his removal, December 21,1976.
In an opinion issued December 17, 1980, this court found an absence of substantial evidence to support the basis of plaintiffs removal, eg., alleged acts of sexual misconduct. Given the sensitivity and gravity of the charges involved, we remanded the matter to the MSPB for further evidenti-ary proceedings. 226 Ct.Cl. 75, 639 F.2d 727 (1980).
In compliance with this court’s remand order, the MSPB vacated its original decision and reheard the case. On the basis of careful and thorough consideration, the MSPB *766 determined that "there is a wealth of convincing and highly probative evidence” to support plaintiffs removal. Fred R. Cooper v. United States (MSPB No. AT752B7790411), dated March 25, 1981. We concur. The decision of the MSPB is neither arbitrary nor capricious, and is supported by substantial evidence.
Accordingly, it is therefore ordered, on consideration of the record and parties’ submissions, including supplemental briefing, without oral argument, that plaintiffs renewed motion for summary judgment is denied, and defendant’s renewed cross-motion for summary judgment is granted. Plaintiffs petition is dismissed.