**D.E.,\* Petitioner,**

v.

**DEPARTMENT OF THE NAVY, MSPB, Respondent.**

No. 82–7332.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 18, 1983.

As Amended on Grant of Rehearing Dec. 15, 1983.

Charles A. Hobbie, Staff Counsel, James R. Rosa, Gen. Counsel, Washington, D.C., for petitioner.

J. Paul McGrath, Alexander Younger, Asst. Director, Washington, D.C., for respondent.

Before WRIGHT, CANBY, and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

E. petitions for review of a final decision of the Merit Systems Protection Board to sustain his removal as a civilian employee of the Navy based on E.'s conviction of child molestation. This case presents a question of first impression for this court concerning the Board's presumption that off-duty misconduct is related to agency performance where the misconduct is egregious. We conclude that such a presumption is unwarranted and reverse.

Petitioner E. was employed as a diesel engine mechanic with a naval facility. On March 10, 1980, E. was notified by letter that the head of his department proposed that E. be removed from his job "for infamous conduct off duty adversely affecting the employee/employer relationship." The proposal was based on the fact that E. pled *nolo contendere* to a charge of child moles-

---

\* The court elects to use petitioner's initials in place of his full name to protect the privacy interests of those concerned.

tation following an investigation of charges that E. had been sexually abusing his then seven-year-old daughter for the past three years.[1] This was the second attempt at removing E. from his job based on the child molestation charge.[2]

The commanding officer of the naval facility decided to remove E. as proposed, stating that "[t]here is no conclusive evidence that [he has] been rehabilitated." E. was removed from his job on April 18, 1980. He appealed the removal decision to the Merit Systems Protection Board. A hearing was held before a presiding official of the Board, who found that "[t]here is not a scintilla of evidence showing that [E.'s] misconduct affected his work" and reversed the agency's removal of E.

The Board granted the Navy's petition to review the presiding official's decision in light of a new Board decision, *Merritt v. Department of Justice,* No. PHO75209058 (MSPB June 8, 1981). On May 11, 1982, the Board reversed the presiding official's decision and sustained E.'s removal. This petition for review followed. Jurisdiction is based on 5 U.S.C. § 7703(a), (b) (Supp. V 1981).

### Background

Our standard of review is set forth by 5 U.S.C. § 7703(c) (Supp. V 1981), which provides that this court shall review the record and hold unlawful any agency action which we find to be arbitrary, capricious, or an abuse of discretion; procedurally defective; or unsupported by substantial evidence.

■ An agency may remove an employee "only for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a) (Supp. V 1981).[3] An agency must make two determinations before removing an employee for off-duty misconduct: (1) that the employee actually committed the conduct; and (2) that removal will promote the efficiency of the service. *Sherman v. Alexander,* 684 F.2d 464, 468 (7th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 752, 74 L.Ed.2d 970 (1983). The second requirement has been framed as requiring a "nexus" between the misconduct and the efficiency of the service. *Id.* Because E. does not dispute the child molestation charge, the issue here is whether a nexus was established.

Removal actions are also restricted by a statute which prohibits discrimination against any employee "on the basis of conduct which does not adversely affect the performance of the employee ... or the performance of others." 5 U.S.C. § 2302(b)(10) (Supp. V 1981).[4] This restriction was enacted as part of the Civil Service Reform Act of 1978, Pub.L. No. 95–454, § 101(a), 92 Stat. 1114 (1978).

### Presumption of Nexus

The Board held that the presumption of nexus was raised by the gravity of E.'s

1. E. was given a six months suspended sentence, and placed on probation for three years. He was also ordered to undergo counselling and to participate in Parents United, a support group, until January 1980.

2. E. was originally notified of a proposal to remove him for "conduct unbecoming a Federal employee" on August 20, 1979. The final decision to remove E. was issued September 21, 1979. That action was appealed to the Merit Systems Protection Board and reversed on February 11, 1980, for harmful procedural error. *E. v. Department of the Navy,* No. SF075209094 (MSPB Feb. 11, 1980).

3. The statute reads in pertinent part:
    (a) Under regulations prescribed by the Office of Personnel Management, an agency may take an action covered by this subchap-ter against an employee only for such cause as will promote the efficiency of the service. 5 U.S.C. § 7513(a) (Supp. V 1981).

4. The statute reads in pertinent part:
    (b) Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority—
    (10) discriminate ... against any employee ... on the basis of conduct which does not adversely affect the performance of the employee ... or the performance of others; except that nothing in this paragraph shall prohibit an agency from taking into account in determining suitability or fitness any conviction of the employee ... for any crime under the laws of any State, of the District of Columbia, or of the United States .... 5 U.S.C. § 2302(b)(10) (Supp. V 1981).

misconduct. It relied on its decisions in *Merritt* and *Doe v. National Security Agency,* No. PHO75209076 (MSPB June 8, 1981). The question of whether an agency may presume that a nexus exists between the off-duty conduct and the efficiency of the service is new to this and most other circuits.

We first examine the development of the nexus test. Section 7513 was enacted as part of the Civil Service Reform Act of 1978, Pub.L. No. 95–454, § 204(a), 92 Stat. 1136 (1978). The statute and related regulations give little guidance for applying the "promote the efficiency of the service" standard.[5] Neither the statute nor the regulations expressly permits an agency to presume nexus.

Since the language of section 7513 is identical to that of its predecessor statute, presumably Congress intended to re-enact existing law. *See Dragor Shipping Corp. v. Union Tank Car Co.,* 371 F.2d 722, 726 (9th Cir.1967). By 1978 the courts had established a trend toward greater judicial scrutiny of agency removals based on off-duty misconduct. In *Norton v. Macy,* 417 F.2d 1161 (D.C.Cir.1969), a NASA employee was accused of homosexual off-duty conduct and removed from his job. The D.C. Circuit concluded that the record established no "ascertainable deleterious effect on the efficiency of the service" and reversed the removal. *Id.* at 1165–67.

The D.C. Circuit followed its opinion in *Norton* with a further elaboration of the nexus requirement in *Doe v. Hampton,* 566 F.2d 265 (D.C.Cir.1977). That case involved the dismissal of a clerk-typist on grounds of mental disability. The court commented:

> In law as well as logic, there must be a clear and direct relationship demonstrated between the articulated grounds for an adverse personnel action and either the employee's ability to accomplish his or her duties satisfactorily or some other

legitimate governmental interest promoting the "efficiency of the service." *Id.* at 272 (footnote omitted). The court held that there was a nexus between the employee's mental disability and the efficiency of the service, but remanded the case on other grounds. *Id.* at 276, 280–84.

In *Young v. Hampton,* 568 F.2d 1253 (7th Cir.1977), the Seventh Circuit also addressed the nexus requirement. The court reversed the removal of a product inspector of the Department of the Army based on a conviction of off-duty possession of marijuana and other controlled substances. The court established criteria for determining whether disciplinary action will promote the efficiency of the service:

> The agency may base this determination ... on evidence adduced at the employee's hearing which tends to connect the employee's misconduct with the efficiency of the service; or, in certain egregious circumstances, where the adverse effect of retention on the efficiency of the service could, in light of the nature of the misconduct, reasonably be deemed substantial, and where the employee can introduce no evidence showing an absence of effect on the efficiency of the service, the nature of the misconduct may "speak for itself."

*Id.* at 1257.

In *Merritt v. Department of Justice,* the Board relied on *Young* to state that in "certain egregious circumstances," a presumption of nexus may arise from the "nature and gravity of the misconduct." *Merritt* involved the removal of a Bureau of Prisons correctional officer for possession and use of marijuana. The Board held that the off-duty misconduct was not so egregious that a presumption of nexus would arise. It theorized, however, that certain conduct can trigger a presumption which the employee may overcome "by evidence showing an absence of adverse effect on service efficiency."

---

5. The regulations limit an agency's adverse actions to those permitted by sections 7513(a) and 2302. 5 C.F.R. § 752.403 (1982). They also instruct the Office of Personnel Management to consider certain factors in determining

whether removal will promote the efficiency of the service. Bases of disqualification include criminal, infamous, and notoriously disgraceful conduct. 5 C.F.R. § 731.202 (1982). *See also* 5 C.F.R. § 731.201 (1982).

The Fifth Circuit has rejected the notion that a presumption of nexus arises in egregious circumstances. In *Bonet v. United States Postal Service,* 661 F.2d 1071 (5th Cir.1981), the court reversed the removal of a postal manager who was indicted for, but never convicted of, indecency with a child. The Board had affirmed the employee's discharge, finding that the sexual misconduct was adequately proved and was a violation of a code of ethical conduct which prohibited any employee from engaging in "criminal, dishonest, notoriously disgraceful or immoral conduct." *Id.* at 1076.

The court stated that reliance on the code of ethical conduct amounted to a presumed or *per se* nexus and rejected the government's argument that a *per se* nexus is appropriate, even where the conduct is as reprehensible as that involved. The court refused to relieve the agency of its statutory duty to demonstrate the requisite nexus. It stated:

> [Section 2302(b)(10) and 5 C.F.R. § 731.-202(a)] clearly signal a legislative intent that the agency must demonstrate by sufficient evidence that the off-duty misconduct, upon which the disciplinary action is founded, adversely affects the performance of the duties of the employee or of the agency .... [T]he reviewing authority may not place upon the employee, as the Board did, the burden of showing that his continued employment will *not* affect the efficiency of the service. The Board may not shift the burden of proof by presumption or application of the *per se* rule.

*Id.* at 1078 (emphasis in original).

■ We agree with the *Bonet* court and hold that a presumption of nexus may not be used because it allows an agency to remove an employee without offering evidence of actual adverse impact on the service. The Board argues that the rebuttable presumption is permissible because it does not shift the ultimate burden of proof. We disagree. The presumption arbitrarily shifts to the employee the burden of producing evidence that his employment does *not* affect the efficiency of the service.

Courts have expressly required the agency to show the opposite: that his continued employment *does* affect the service such that his termination will promote its efficiency.

■ The Board in *Merritt* read *Young v. Hampton* as permitting a presumption to arise. It is true that dictum in *Young* suggests that the nature of the conduct may, in certain cases, reasonably be deemed to have a substantial adverse effect on the efficiency of the service. *Young,* 568 F.2d at 1257. We can hypothesize that a conviction of off-duty embezzlement of an employee whose job involved handling funds could reasonably be regarded as having a substantial adverse effect on efficiency. There is no basis for such a conclusion here where the offense is totally unrelated to the duties performed by E. We need not reach the issue of whether "certain egregious circumstances" may ever logically indicate an adverse effect on an employee's performance. In any event, the off-duty conduct must be shown to have some connection to the agency's overall performance. The burden should remain on the agency to prove that the off-duty misconduct adversely affects the employee's or the agency's performance. As the *Bonet* court noted, "when the employee misconduct is off-duty and non-work related, even before the 1978 Act, the courts have been generally unwilling to presume that the discharge will promote the efficiency of the service." *Bonet,* 661 F.2d at 1078 (footnote omitted). *See, e.g., Norton,* 417 F.2d 1161 (reversal of discharge founded on homosexual conduct); *Phillips v. Bergland,* 586 F.2d 1007 (4th Cir.1978) (reversal of discharge founded on assault); *Young,* 568 F.2d 1253 (reversal of discharge founded on possession of marijuana).

The Board also relies on its decision in *Doe v. National Security Agency.* The discharged employee in *Doe* was a collection management officer with the National Security Agency. He admitted to participating in "incestuous incidents" with his minor daughter. Relying on its opinion in *Merritt,* the Board held that a presumption of

nexus arose from the nature and gravity of Doe's misconduct. Since Doe failed to rebut the presumption, the Board sustained his removal. The decision was affirmed on appeal in a two-paragraph opinion which did not address the presumption of nexus issue. *Stalans v. National Security Agency,* 678 F.2d 482 (4th Cir.1982).

In rejecting the Board's decisions in *Merritt* and *Doe,* we conclude that Congress intended, with the passage of sections 7513(a) and 2302(b)(10), to place on the agency the burden of proving that removal based on off-duty misconduct will promote the efficiency of the service. We recognize that some courts have been willing to presume that the requisite nexus exists based on egregious conduct. In *Gueory v. Hampton,* 510 F.2d 1222 (D.C.Cir.1974), the court held that conviction of a postal foreman for manslaughter supplied the requisite nexus even without a showing of an explicit deleterious effect on the efficiency of the service. In *Cooper v. United States,* 639 F.2d 727 (Ct.Cl.1980), the Court of Claims reviewed the removal of an electronics engineer from a naval training equipment center for off-duty acts of sexual misconduct. The court stated that it did "not quarrel with the Government's finding that sexual misconduct adversely affects the employer-employee relationship," but remanded the case to determine whether misconduct actually occurred. 639 F.2d at 729–30, 731. To the extent that *Gueory* and *Cooper* may be construed as contrary to the views expressed herein, we respectfully disagree with the holdings in those cases. We find the *Bonet* decision more persuasive. The imposition of a presumption of nexus here was arbitrary, capricious, and an abuse of discretion.

### *Discharge of E.*

■ Without the presumption, the Board has failed to meet its burden of proving nexus by producing substantial evidence that E.'s removal would promote the efficiency of the service. The presiding official who initially reversed E.'s removal found that there was not a "scintilla of evidence" showing that E.'s off-duty conduct affected his work. Neither the head of his department nor the facility's commanding officer found fault with E.'s job performance. Prior to this action, E.'s performance as a diesel engine mechanic was satisfactory. E.'s off-duty conduct has not been a source of notoriety, embarrassment or discomfiture to the Navy. The only evidence of nexus raised by the Navy is statements made by E.'s superiors that they no longer had any trust or confidence in E.

The department head stated that after learning of E.'s misconduct he "lacked trust and confidence in his judgment." The commanding officer testified that he has no trust or confidence in E.'s ability to be able to function independently, in unusual and demanding situations, and to be able to respond to the officer's orders without the officer having any doubts about E.'s moral standards.

The officers failed to give any specific examples in support of their conclusory statements. The Navy presented no evidence which would show that children were exposed to possible molestation at the worksite. It also failed to show how E.'s history of child molestation affected his job performance or his ability to take orders from superiors.

E. introduced testimony tending to show that his behavior is treatable and not likely to recur. He sought counselling from the very first and is now president of the Parents United counselling group. A counselor with the county child sexual abuse treatment program recommended E.'s retention, stating that E.'s conduct is "not a sign of mental illness nor a sign of generalized instability"; in fact, he is "an exceptionally responsible and stable individual in many ways." Conclusory statements of distrust fall far short of the substantial evidence required to remove E. The Board has not sustained its burden of proof. We remand to the Board for reversal of its decision with orders to reinstate E. with back pay and beneficial entitlements.

*Attorney's Fees*

E. seeks attorney's fees and costs under 5 U.S.C.A. § 5596(b)(1)(A)(ii). We remand to the Board to determine whether petitioner is entitled to attorney's fees and costs. *See, Sims v. Department of Navy,* 711 F.2d 1578 (C.A.Fed.1983).

The order is REVERSED and REMANDED.