68 F.3d 480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andre CHATMAN, Plaintiff-Appellant,
v.
Michael P.W. STONE, Secretary of the Army, et al.,
Defendants-Appellees.
 No. 93-17110.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1995.
Decided Oct. 10, 1995.
 
 Before: PREGERSON, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Andre Chatman ("Chatman"), a civilian employee at Tripler Army Medical Center, was removed from his job following a verbal altercation in the hospital's fitness center during which Chatman used threatening language towards his third-level supervisor, Lieutenant Colonel Gordon Cho ("Cho"). Chatman, who had no prior disciplinary history, appealed his removal to the Merit Systems Protection Board ("MSPB"), which upheld the Army's action.[1] Chatman then filed this "mixed case," pursuant to 5 U.S.C. Sec. 7703(b)(2), raising both discrimination and non-discrimination claims. On the nondiscrimination claims, the district court reviewed the administrative record and found that the MSPB's decision was supported by the record. The court then dismissed the handicap discrimination and retaliation claims for lack of subject matter jurisdiction because Chatman had not raised those claims before the MSPB.[2] We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part, reverse in part, and remand.
 
 I. The MSPB Decision
 
 3
 In an agency removal action based on employee misconduct, the agency must make the following determinations: (1) that the employee actually committed the alleged misconduct; (2) that there is a nexus between the misconduct and the efficiency of the service; and (3) that the penalty imposed is appropriate in light of the misconduct. Parsons v. United States Dep't of the Air Force, 707 F.2d 1406, 1409 (D.C.Cir.1983). The standard of review is embodied in 5 U.S.C. Sec. 7703(c), "which provides that this court shall review the record and hold unlawful any agency action which we find to be arbitrary, capricious, or an abuse of discretion; procedurally defective; or unsupported by substantial evidence." D.E. v. Department of the Navy, 721 F.2d 1165, 1166 (9th Cir.), modified, 722 F.2d 455 (9th Cir.1983). See also Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 A. Substantial Evidence of Misconduct
 
 4
 Chatman argues that the district court erroneously concluded that substantial evidence supported the MSPB's finding that he assaulted and threatened his supervisor. He contends that Cho's "passive response" of not reporting the incident to law enforcement authorities undercuts Cho's testimony that he feared imminent physical harm. Additionally, Chatman argues that because he made no threatening gestures, any apprehension on Cho's part would not have been reasonable. See Williams v. Veterans Admin., 701 F.2d 764, 766 (8th Cir.1983) (holding that a verbal attack, without accompanying threatening gestures, did not constitute a "threat").
 
 
 5
 To determine whether an employee's words constitute a threat, courts look to "the connotation which a reasonable person would give to the words." Meehan v. United States Postal Serv., 718 F.2d 1069, 1075 (Fed.Cir.1983). The following evidentiary factors are relevant to this determination: (1) the listener's reactions; (2) the listener's apprehension of harm; (3) the speaker's intent; (4) any conditional nature of the statements; and (5) the attendant circumstances. Metz v. Department of the Treasury, 780 F.2d 1001, 1002 (Fed.Cir.1986).
 
 
 6
 In its written decision, the MSPB expressly considered these factors and found that Chatman in fact threatened Cho with bodily harm. Based on the testimony presented to it, the MSPB found that Chatman's statements would be construed by a reasonable person to be threats of physical harm. See Meehan, 718 F.2d at 1074; Gardner v. United States Postal Serv., 44 M.S.P.R. 565, 568 (1990), aff'd, 983 F.2d 1087 (Fed.Cir.1992).
 
 
 7
 To the extent that this finding depended on credibility determinations, the MSPB found that the Army's witnesses were more credible than Chatman.[3] Reviewing courts must treat the credibility determinations made by the MSPB with extreme deference. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986) (holding that MSPB's credibility determinations "are virtually unreviewable"); DeSarno v. Department of Commerce, 761 F.2d 657, 661 (Fed.Cir.1985) (refusing to second guess MSPB's credibility determinations); cf. Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985) (holding that trial court's decision to believe one of two or more witnesses whose testimony is internally consistent and not contradicted by extrinsic evidence "can virtually never be clear error").
 
 
 8
 Thus, we hold that the MSPB's conclusion that Chatman threatened his supervisor was supported by substantial evidence; the district court's decision upholding the MSPB's finding on this issue is affirmed.
 
 B. Nexus
 
 9
 Chatman argues that the Army failed to prove the necessary relationship or "nexus" between his off-duty misconduct and the efficiency of the service. See D.E., 721 F.2d at 1168-69 (rejecting presumption of nexus when off-duty misconduct is unrelated to performance of duties.) The agency, therefore, must demonstrate nexus by showing that the misconduct may reasonably be expected to adversely affect the employee's performance or the agency's performance. 5 C.F.R. Sec. 731.202(a)(1)-(2) (1993).
 
 
 10
 The MSPB found that the Army "has a legitimate interest in maintaining a safe, stable, and pleasant work environment for supervisors and employees alike.... [and] has an interest in maintaining respect for authority and encouraging employees to pursue grievances through proper channels." Initial Decision at 9. This finding, together with the evidence presented that the incident took place in an Army facility shortly after work hours, and occurred in the presence of at least two other hospital employees supervised by Cho, supports the MSPB's conclusion that there was a nexus between the misconduct and the efficiency of the service. The district court did not err by so holding.
 
 C. Appropriateness of the Penalty
 
 11
 Finally, Chatman challenges the appropriateness of the penalty imposed, contending that dismissal was so harsh in relation to the nature of his misconduct as to be an abuse of discretion.
 
 
 12
 1. Was it improper for the MSPB to independently apply the
 
 
 13
 Douglas factors?
 
 
 14
 In Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305-06 (1981), the MSPB established a dozen nonexclusive factors that should normally be considered by the employing agency before a disciplinary penalty is imposed.[4] Chatman claims that while the MSPB is required to evaluate whether the agency properly applied the Douglas factors, it is without authority to independently apply those factors in determining whether the penalty was appropriate. According to Chatman, the MSPB may independently consider the relevant Douglas factors only when the MSPB sustains some, but not all, of the charges brought against the employee. See Webster v. Department of Army, 911 F.2d 679, 685-88 (Fed.Cir.1990) (upholding administrative judge's independent review of Douglas factors in case where five of eleven charges were sustained), cert. denied, 502 U.S. 861 (1991); Roby v. Department of Justice, 59 M.S.P.R. 426, 429 (1993) ("As we have not sustained all of the charges, we must independently determine whether the sustained charges warrant the penalty imposed by the agency."). These cases, however, do not mean that independent analysis is permissible only when less than all of the charges are sustained. Rather, they indicate that in such a situation the MSPB must conduct its own Douglas analysis in order to determine whether the penalty is reasonable in light of the sustained charges.
 
 
 15
 Indeed, in McClaskey v. United States Dep't of Energy, 720 F.2d 583, 588 (9th Cir.1983), we held that when the agency has failed to weigh the Douglas factors, "the relevant inquiry for us to make is whether the board applied the Douglas criteria, rather than whether or not the agency applied those criteria." See Cavanaugh v. United States Postal Serv., 34 M.S.P.R. 670, 674 (1987) ("[T]he appropriate remedy for an agency's failure to consider the relevant Douglas factors is for the Board to consider those factors and to determine whether the agency struck a responsible balance within the limits of reasonableness."); accord Sisemoore v. Department of the Navy, 13 M.S.P.R. 560, 563 (1982).
 
 
 16
 The language in footnote 2 in McClaskey, 720 F.2d at 588, is not to the contrary. There, this court stated that the agency's choice of penalties should be given substantial deference and that neither the ALJ, the MSPB, nor this court should substitute their judgment for that of the agency. This does not mean, however, that the factors considered in making the agency's decision can or should be ignored. In fact, the very factor the dissent would write out of Douglas was considered by the MSPB in McClaskey. See id. at 588 ("The board's order and opinion indicates that it considered at least five of the Douglas criteria: ... (5) the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others."). Surely McClaskey did not mean to at once endorse and abrogate this factor.
 
 
 17
 A more sensible reading of McClaskey is that this court should defer to the agency's choice of punishment "[a]s long as the Board considered the proper factors." Id. at n. 2 (emphasis added). Thus, if the MSPB properly balances the relevant Douglas factors, "we overturn its balancing only if the agency's punishment is completely disproportionate to the offense." Id. Deference to the agency's choice of penalty in this case is unwarranted, however, because not all of the relevant Douglas criteria were considered. Therefore, remand is necessary, not so the MSPB can substitute its judgment for that of the agency, but so the MSPB can properly evaluate the reasonableness of Chatman's dismissal in light of the relevant factors (which McClaskey requires).
 
 
 18
 Not only does this interpretation of McClaskey make logical sense, it is supported (indeed mandated) by ample precedent from this court, the Federal Circuit and the MSPB. See, e.g., Brown v. United States Postal Serv., 860 F.2d 884, 888-90 (9th Cir.1988) (reversing employee's dismissal because penalty was too harsh in light of available alternative sanction); Stanek v. Department of Transp., 805 F.2d 1572, 1576, 1580 (Fed.Cir.1986) (affirming employee's removal in light of agency's consideration of, among other things, whether a less severe sanction would be effective); Mitchum v. Tennessee Valley Auth., 756 F.2d 82, 84 (Fed.Cir.1985) ("The [ALJ] is required to ascertain whether the agency has responsibly balanced the relevant factors in the individual case and selected a penalty within the tolerable limits of reasonableness."); DeWitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed.Cir.1984) ("This court will not disturb the agency's choice unless the severity of its action appears totally unwarranted in light of the relevant factors.") (emphasis added), cert. denied, 470 U.S. 1054 (1985); Taylor v. Department of Justice, 60 M.S.P.R. 686, 695 (1994) (mitigating dismissal to 90-day suspension for failure to file income tax returns because "it seems a reasonable prospect that a sanction less severe would prompt the appellant to fully comply with his obligation to file income tax returns in the future"); Schumacher v. United States Postal Serv., 52 M.S.P.R. 575, 582-83 (1992) (affirming agency's removal of employee because the employee's "rehabilitative potential and the effectiveness of alternative sanctions is poor"); Bess v. Department of the Navy, 46 M.S.P.R. 583, 592 (1991) ("The Board has the authority to review the appropriateness of an agency penalty, and to reduce such a penalty if mitigating factors are present."); Goode v. Defense Logistics Agency, 45 M.S.P.R. 671, 676 (1990) (mitigating employee's removal to 60-day suspension for distributing drugs to co-worker because, among other things, "a penalty less severe would have a deterrent effect on him and other employees"); Mauro v. Department of the Navy, 35 M.S.P.R. 86, 95 (1987) ("The Board will not disturb an agency's action if it is the maximum reasonable penalty which may be imposed after considering all of the relevant factors ") (emphasis added); Douglas v. Veterans Admin., 5 M.S.P.R. 280, 300-01 (1981) (the Board is not "free to simply substitute its judgment for that of the employing agencies," but its role is to "assure that managerial discretion has been legitimately invoked and properly exercised").
 
 
 19
 2. Did the MSPB properly apply all of the relevant
 
 
 20
 Douglas factors?
 
 
 21
 Chatman next argues that even if the MSPB may independently apply Douglas, it failed to adequately consider all of the factors relevant to his case. Specifically, he contends the MSPB ignored the Army's table of penalties; did not consider whether an alternative, less onerous penalty would be appropriate; did not correctly credit his length of service and past work record; did not correctly credit his rehabilitative potential; misconstrued his status as a recovering substance abuser as an aggravating, rather than mitigating, factor; and failed to consider the nature of his job.
 
 
 22
 This court is required to "defer to the agency's choice of penalty unless its severity appears 'totally unwarranted' in light of the relevant factors." Miguel v. Department of the Army, 727 F.2d 1081, 1083 (Fed.Cir.1984). While neither the agency nor the MSPB is required to consider all twelve Douglas factors in every case, those factors that are relevant to the individual case must be considered. See McClaskey, 720 F.2d at 588.
 
 
 23
 Our examination of the record reveals that the MSPB independently considered the following factors: (1) the nature and seriousness of the offense;[5] (2) Chatman's past disciplinary and work record; (3) Chatman's potential for rehabilitation; and (4) the mitigating effect of Chatman's substance abuse, medication and emotional problems. The MSPB's analysis of these factors is adequate and we see no reason to disturb it.
 
 
 24
 The MSPB failed, however, to examine adequately whether the penalty was consistent with the Army's table of penalties or with penalties imposed on others for similar conduct. Additionally, the MSPB did not determine whether an alternative penalty would meet the Army's interest in deterring this type of misconduct.[6] Under McClaskey, the failure to consider these factors is fatal--they are clearly relevant because Chatman argued that dismissal was too harsh a penalty given the nature of the offense, and his prior record. Therefore, we reverse the district court's ruling regarding the appropriateness of the penalty and remand the case with instructions to remand to the MSPB for further consideration of the relevant Douglas factors identified above.
 
 
 25
 II. The District Court's Dismissal of Chatman's Discrimination and Retaliation Claims
 
 
 26
 We review de novo issues involving subject matter jurisdiction. Huettig & Schromm, Inc. v. Landscape Contractors Council, 790 F.2d 1421, 1425 (9th Cir.1986).
 
 
 27
 Acting on the Army's motion in limine, which the district court construed as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), the court dismissed Chatman's handicap discrimination and retaliation claims for lack of subject matter jurisdiction. Chatman argues that it was error to treat his failure to raise these issues before the MSPB as a jurisdictional defect, insisting instead that the exhaustion of administrative remedies requirement is similar to a statute of limitations that can be waived.
 
 
 28
 Additionally, Chatman argues that even if viewed as a jurisdictional issue, the question of whether he raised the claims involves a disputed issue of material fact (i.e. whether his claims were encompassed by an earlier administrative investigation of his discrimination claim). He contends that a question of subject matter jurisdiction which turns on the merits should be addressed under a Rule 56 motion for summary judgment (with its corresponding ten-day notice requirement). Since the dismissal occurred the day prior to trial, Chatman argues that he did not have timely notice as required by Rule 56.
 
 
 29
 Chatman's arguments are without merit. This court has expressly held that the district court does not have jurisdiction over discrimination claims unless they were raised before the MSPB. Hays v. Postmaster General, 868 F.2d 328, 330-31 (9th Cir.1989) (per curiam). "Allowing a party to withhold important issues from the board and later present them to this court would undermine the board's authority." Lizut v. Department of the Army, 717 F.2d 1391, 1396 (Fed.Cir.1983) (quoted in Hays, 868 F.2d at 330).
 
 III. The District Court's Cost Award
 
 30
 After determining that the Army was the prevailing party, the district court entered a costs award of $4,635.25 against Chatman to pay some of the Army's witnesses' travel expenses and its photocopying costs. Since we reverse the district court's decision regarding the appropriateness of the penalty, we also vacate the costs award pending the outcome of additional MSPB proceedings. Should the MSPB determine that a lesser penalty would be appropriate, the Army would no longer be considered the prevailing party, and could not receive costs. See Fed.R.Civ.P. 54(d) (authorizing the allowance of costs to the prevailing party).
 
 CONCLUSION
 
 31
 Accordingly, we affirm in part, reverse in part and we remand to the district court with instructions to remand to the MSPB for additional proceedings regarding the appropriateness of the penalty.[7]
 
 KOZINSKI, Circuit Judge, dissenting:
 
 32
 The MSPB did not abuse its discretion by failing to consider the three Douglas factors listed by the majority: the Army's table of penalties, sanctions imposed on similarly-situated employees and the adequacy and effectiveness of imposing lesser sanctions for deterrence purposes.
 
 
 33
 1. To prove that the MSPB abused its discretion in failing to consider a factor, the employee must show that the factor in question is one he urged the MSPB to consider. Cf. Kissner v. Office of Personnel Mgmt., 792 F.2d 133, 134-35 (Fed.Cir.1986). Chatman failed to argue below that he had been treated differently from similarly-situated employees or that the agency had exceeded the punishment designated by the Army's table of penalties. See Initial Decision at 11 ("There is no claim or evidence to indicate ... that the penalty exceeded that established by the agency's past practice or its table of suggested penalties.") (emphasis added). Under these circumstances, the MSPB's failure to discuss these two mitigating factors was not an abuse of discretion. See Kissner, 792 F.2d at 135.
 
 
 34
 2. Under McClaskey v. United States Dep't of Energy, 720 F.2d 583 (9th Cir.1983), the MSPB does not have the authority to reverse an agency's choice of sanction because alternative forms of punishment were available:
 
 
 35
 It is clear from the record that the officer reversed the agency's decision because she considered the penalty unwise and believed that the agency could have accomplished its objectives with a more lenient penalty. Such judgments, however, are not within the discretion of the presiding officer, the Board, or this court.
 
 
 36
 Id. at 588 n. 2 (emphasis added). Any failure by the ALJ to consider this factor, if it was error, was harmless. The majority remands this case with orders that allow the MSPB to do something that it may not do. Under McClaskey, the MSPB will have no choice but to reach the same conclusion it did the first time around.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The initial decision was issued by an administrative judge on October 24, 1991. That decision became the final decision of the MSPB after Chatman's petition for review was denied on February 10, 1992
 
 
 [2]
 The case went to trial on Chatman's claim of racial discrimination and the jury returned a verdict for the defendant. Although not specifically excluded from his notice of appeal, Chatman apparently does not challenge that verdict as he made no mention of it in his briefs or at oral argument
 
 
 [3]
 In Hillen v. Department of the Army, 35 M.S.P.R. 453, 458 (1987), the MSPB set forth several factors that an administrative judge should use when making credibility decisions: (1) the witness's ability to observe the events in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) the witness's bias or lack of bias; (5) the contradiction or corroboration of the witness's version of the events by other evidence; (6) the plausibility of the witness's version; and (7) the witness's demeanor. The MSPB explicitly complied with this analysis in making its credibility findings
 
 
 [4]
 The Douglas factors include: (1) the nature and seriousness of the offense and its relation to the employee's duties; (2) the employee's job level and type of employment; (3) the employee's past disciplinary record; (4) the employee's past work record and length of service; (5) the effect of the offense on the employee's performance ability and its effect on the supervisor's confidence in the employee; (6) consistency with penalties imposed on others for similar misconduct; (7) consistency of the penalty with the table of penalties; (8) the notoriety of the offense; (9) whether the employee had been warned about the conduct; (10) the employee's potential for rehabilitation; (11) mitigating factors such as unusual job tensions, personality problems, mental impairment, harassment or provocation; and (12) the adequacy of alternative sanctions to deter future misconduct. Douglas, 5 M.S.P.R. at 305-06
 
 
 [5]
 The MSPB stated that this factor was "most significant" and "determinative."
 
 
 [6]
 In its discussion of these factors, the MSPB simply stated that "[t]here is no claim or evidence to indicate that the agency failed to consider all the relevant factors, or that the penalty exceeded that established by the agency's past practice or its table of suggested penalties." Apparently, the MSPB erroneously assumed that Chatman bore the burden of presenting prima facie evidence that the penalty was unreasonable. The burden of persuasion, however, rests with the agency, which must make at least a prima facie showing of reasonableness. Parsons v. United States Dep't of the Air Force, 707 F.2d 1406, 1409 (D.C.Cir.1983) ("The agency has the burden of persuasion regarding [the] elements of its decision and is therefore obligated to present evidence to the [MSPB] necessary to support each element.")
 We recognize that the agency need not provide a detailed written account of its Douglas analysis if the agency presents evidence at the administrative hearing that it considered the relevant factors. Wright v. Federal Aviation Admin., 31 M.S.P.R. 473, 475-76 (1986). Here, Cho, the proposing official, testified that he considered the relevant factors before deciding to recommend Chatman's removal. However, as the deciding official, Colonel Hinton was the only person who could testify about the agency's consideration of the Douglas factors. In light of the MSPB's failure to independently consider all of the relevant factors, we cannot say, as did the district court, that Colonel Hinton's absence from the administrative hearing was harmless.
 
 
 [7]
 Because we vacate the award of costs on other grounds, we do not reach the issue of whether Chatman's indigence precludes the award of costs against him