## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN W. SPRINGFIELD,
              Appellant,

       v.

DEPARTMENT OF THE NAVY,
              Agency.

DOCKET NUMBER
SF-0752-16-0347-I-1

DATE: November 21, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Norman Jackman, Esquire, Lincoln, New Hampshire, for the appellant.

Daniel Fevrin, Esquire, Norfolk, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant was previously employed by the agency as a Boatswain Mate, WM-9923-10, with the Military Sealift Command, Norfolk, Virginia, and assigned to serve on sea-going vessels. Initial Appeal File (IAF), Tab 2 at 1, Tab 9 at 20. On November 3, 2015, the deciding official for the agency issued a decision notice removing the appellant from his position, effective November 7, 2015, for the removal of merchandise from a U.S. Naval Exchange (NEX) in Japan without payment or authorization. IAF, Tab 9 at 11-16. The appellant resigned on November 6, 2015. *Id*. at 17-20.

¶3      The appellant filed an appeal with the Board challenging the removal notice. IAF, Tab 2 at 10. The agency moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant resigned from his position and was not removed. IAF, Tab 9. The administrative judge issued a jurisdictional order informing the appellant of his jurisdictional burden. IAF, Tab 10. After briefing by the parties, and without the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 14, Initial Decision (ID) at 1. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed an opposition to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        The appellant has the burden of proving by preponderant evidence that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A). An employee-initiated action, such as a resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary resignation, however, is equivalent to a forced removal and, therefore, is within the Board's jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). If an appellant presents nonfrivolous allegations of Board jurisdiction, i.e., allegations of fact that, if proven, could establish the Board's jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by preponderant evidence. *Id.* at 1344; 5 C.F.R. § 1201.4(s).

¶5        To overcome the presumption that a resignation is voluntary, the employee must show that it was the result of the agency's misinformation or deception or that he was coerced by the agency to resign. *Vitale*, 107 M.S.P.R. 501, ¶ 19. The appellant contends that he was forced to resign after the agency issued the removal notice. IAF, Tab 11 at 6. A resignation to avoid a threatened removal may be considered coerced if the employee can show that the agency had no reasonable grounds for threatening the action. *Lamb v. U.S. Postal Service*, 46 M.S.P.R. 470, 475 (1990). If the employee can show that the agency knew or should have known that the removal could not be sustained, the threatened action is deemed coercive. *Glenn v. U.S. Soldiers' and Airmen's Home*, 76 M.S.P.R. 572, 581 (1997).

¶6        The appellant argues that the agency knew or should have known that the removal could not be sustained because it was for off-duty activity that had no relationship to his job duties or performance. PFR File, Tab 1 at 4. In the initial decision, the administrative judge noted that the Board previously has found a

nexus between off-duty thefts and the efficiency of the service.[2] ID at 5 (citing *Stuhlmacher v. U.S. Postal Service*, [89 M.S.P.R. 272](#), ¶ 16 (2001); *Fouquet v. Department of Agriculture*, [82 M.S.P.R. 548](#), ¶ 18 (1999); *Hawkins v. U.S. Postal Service*, [35 M.S.P.R. 549](#), 552-53 (1987)). He further found that the appellant failed to nonfrivolously allege that the agency lacked a reasonable ground for finding nexus between his misconduct and his ability to accomplish his duties. *Id.* The administrative judge also found that the appellant failed to allege that the agency lacked reasonable grounds to find nexus based on its losing confidence in his ability to perform his duties following his theft. *Id.* He then summarily found that the appellant failed to prove that his resignation was coerced because the agency knew or should have known that its adverse action was baseless.[3] ID at 6.

¶7 Initially, we clarify the administrative judge's finding that the appellant failed to prove that his resignation was coerced. *Id.* At this stage, the appellant only was required to present nonfrivolous allegations of Board jurisdiction. *Garcia*, 437 F.3d at 1344. If the appellant makes such allegations, he then is entitled to a jurisdictional hearing where he must prove jurisdiction by preponderant evidence. *Id.* Nonetheless, the administrative judge did find that the appellant failed to make nonfrivolous allegations of jurisdiction, and we agree with those findings. ID at 5-6.

¶8 We also conclude that the appellant has failed to nonfrivolously allege that the agency could not reasonably assert a nexus between a removal for an off-duty theft and the efficiency of the service. The Board generally recognizes three

[2] An agency may take an adverse action against an employee only for such cause as will promote the efficiency of the service. [5 U.S.C. § 7513](#)(a).

[3] The administrative judge also found the appellant failed to nonfrivolously allege that the agency's action was unsupported by the evidence or that the agency had no reasonable grounds for taking the action. ID at 5-6. The appellant has never argued that he did not engage in the misconduct and has admitted to it. IAF, Tab 11 at 4. We find no reason to disturb the administrative judge's finding in this regard.

means by which an agency may show a nexus between an employee's off-duty misconduct and the efficiency of the service: (1) a rebuttable presumption of nexus may arise in certain egregious circumstances; (2) a showing by preponderant evidence that the misconduct adversely affects the appellant's or coworkers' job performance or the agency's trust and confidence in the appellant's job performance; and (3) a showing by preponderant evidence that the misconduct interfered with or adversely affected the agency's mission. *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987).

¶9        Without weighing the evidence presented by the agency, we find that the appellant has asserted only bare allegations that the agency had no reasonable basis to bring the action against him, that his misconduct did not adversely affect his job performance, and that the agency should not have lost confidence in him and his ability to perform his job duties. The appellant did not allege that he did not engage in the misconduct, ID at 5-6; IAF, Tab 11 at 4, and the Board has regularly found a nexus between theft and the efficiency of the service, *see Stuhlmacher*, 89 M.S.P.R. 272, ¶ 16; *Fouquet*, 82 M.S.P.R. 548, ¶ 18; *Hawkins*, 35 M.S.P.R. at 552-53. The appellant merely contends that the agency knew or should have known it would not succeed on an appeal of the removal and that his theft was not related to his job duties. PFR File, Tab 1 at 4. We find that these bare allegations do not constitute nonfrivolous allegations so as to entitle him to a jurisdictional hearing on whether his resignation was coerced. *See Lara v. Department of Homeland Security*, 101 M.S.P.R. 190, ¶ 7 (2006) (stating that mere pro forma allegations are insufficient to satisfy the nonfrivolous standard). As such, we find no basis to disturb the administrative judge's findings.

¶10      The appellant relies on *D.E. v. Department of the Navy*, 721 F.2d 1165 (9th Cir. 1983), to claim that the agency knew or should have known that it could not establish a nexus between the removal for his misconduct and the efficiency of the service. PFR File, Tab 1 at 4-5. Although the administrative judge did not address this argument, we find the appellant's reliance on this case to be

misplaced. In *D.E.*, the court held, in an actual removal case, that mere reliance on a "presumption of nexus," which was based on the alleged egregiousness of the employee's off-duty misconduct, was insufficient to meet the agency's burden of proving an actual adverse impact on the efficiency of the service. *D.E.*, 721 F.2d at 1167-69. The issue in this case is not whether the agency established nexus by relying solely on a presumption, but rather whether the agency knew or should have known that it could not have established nexus by any form of acceptable evidence if the appellant had chosen to challenge his removal rather than resign. As such, we find the appellant's reliance on *D.E.* unavailing.

¶11    The appellant also attempts to distinguish several cases cited by the agency to the administrative judge prior to the issuance of the initial decision regarding off-duty conduct and efficiency of the service. PFR File, Tab 1 at 6. However, the administrative judge did not rely on any of those cases in the initial decision. We find the appellant's discussion of those cases to be immaterial, and we do not review them any further.

¶12    The appellant also appears to argue on review that his resignation was coerced because his representative was incompetent and told him that he should resign if he wanted to work for the Federal Government again. *Id*. at 4. The administrative judge found that the agency cannot be found to have coerced the appellant's resignation because he followed the advice of his representative at the time, despite not disagreeing with such advice. ID at 6. We agree with the administrative judge's finding. The Board has held that an appellant is responsible for any error, action, or inaction of a chosen representative. *Smith v. U.S. Postal Service*, 111 M.S.P.R. 341, ¶ 9 (2009). Accordingly, we do not disturb the administrative judge's finding.

¶13    Based on the foregoing, we affirm the initial decision's dismissal of this appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.