Both sides have moved for summary judgment in this personnel case arising out of plaintiffs removal from civilian federal employment, and the court has heard oral argument. We uphold the removal.
After a hearing, the Field Office of the Merit Systems Protection Board found the following hard facts which are indisputably supported by the record: Plaintiff George L. Spears, an inhalation therapy technician at the Veterans Administration Hospital in Huntington, West Virginia, was ordered on August 29, 1978, shortly before the end of his shift, to report to work the next day (August 30th) at 6:00 a.m. (two hours before he was regularly scheduled to report) to perform an arterial blood gas analysis on a critically ill patient. Spears first refused to so report but, after some considerable discussion with hospital authorities and his union representative, he stated that he "guessed” he would have to come in. At 5:00 a.m- on August 30th, one hour before he was supposed to report, Spears phoned the hospital to say that he would be unable to report because he was ill. He did not report and it was necessary to summon his supervisor to perform the blood gas analysis on the patient.
The next day the Veterans Administration served on plaintiff a notice of proposed removal on the basis of this incident. The essence of the charge was that he deliberately disobeyed a proper order by failing to report as directed. He responded to the charge and the agency then removed him. He appealed to the Field Office of the mspb which held a hearing and sustained the removal. His petition to the mspb’s Office of Appeals to reopen and reconsider the Field Office’s decision was denied as untimely. He then brought *1007 suit in the United States District Court for the Southern District of West Virginia which transferred the case to this court.
From the record before it, the Field Office of the mspb found flatly that plaintiff deliberately disobeyed the order to report on August 30th; it ruled that Spears’ "refusal to appear for work as ordered was in conjunction with this dispute [i.e. the altercation described above] and not as a result of any alleged illness.” Plaintiffs prime point is that, in so holding, the Field Office improperly placed on him the burden of proving that he was in fact ill (as he claimed) on August 30th. We reject this argument. What the Field Office did was not to put on Spears the burden of ultimate persuasion, but first to marshal all the facts and circumstances,[1] then to cast upon plaintiff the burden of going forward with evidence to show that he was in fact ill, and finally to hold that he failed to meet that particular burden, and that on all the evidence the agency had carried its burden of persuasion that the claim of incapacitating illness was in effect a subterfuge. See, for the correctness of this general approach, Bonnar v. United States, 194 Ct. Cl. 103, 145 (1971), 438 F.2d 540. Because plaintiff was in much better position to produce evidence tending to show that he was in fact ill, the Field Office did not err in placing that interim burden on him. 9 Wigmore On Evidence, §2486. It was also proper, in the absence of any specific denial by plaintiff, to believe management’s testimony that he had said (during the discussion of August 29th) that he would find some way to avoid reporting. But the administrative tribunal never moved the ultimate burden of persuasion from management.
There is no doubt that the Field Office’s ultimate determination-that plaintiff deliberately refused to report as ordered-was well supported by substantial evidence in the record and in its opinion. Nor is there any adequate *1008 basis for us to hold that, contrary to the mspb ruling, plaintiffs deliberate refusal to administer a needed test to a critically ill patient was other than misconduct, meriting removal in order to promote the efficiency of the service.
The last of plaintiffs contentions is that the mspb’s Office of Appeal improperly denied (as untimely) his petition to reopen and reconsider the Field Office’s determination. The latter decision was rendered on June 12, 1979 and the petition to reopen was dated October 2, 1979-some 3-1/2 months later.[2] Although the mspb regulations did not impose any explicit time limit on the filing of a petition to reopen, we think that (a) the Board could properly limit its review to petitions which were reasonably and timely filed and also (b) in this instance, the Board did not abuse its discretion in finding that plaintiffs petition was untimely and that he had not exercised due diligence or show an adequate explanation for the almost four months’ delay.
For these reasons, defendant’s motion for summary judgment is granted and plaintiffs motion is denied. The petition is dismissed.

 In this connection, the administrative opinion first finds the hard facts we have stated above, then points out that Spears never specifically denied making the statement to agency personnel on August 29th that he would find some way to avoid coming in, and finally observes that he never presented any acceptable, objective medical evidence of illness, although, in view of the previous day’s confrontation with his supervisors, elementary prudence would have counselled obtaining some such confirmation.

 The Field Office’s determination expressly advised plaintiff that the Board could reopen and reconsider the Field Office decision and that, if he wished to apply for that remedy, "he must submit that information within a reasonable time after receipt of this decision” (emphasis added).