Edward A. KISSNER, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

Appeal No. 85–2783.

United States Court of Appeals, Federal Circuit.

May 22, 1986.

Michael E. Geltner, Washington, D.C., argued for petitioner.

Eva M. Plaza, of the Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, and Robert Reutershan, Asst. Director. Of counsel was Steve D. Dillingham, of the Office of Personnel Management.

Before BALDWIN, Circuit Judge, COWEN, Senior Circuit Judge, and SMITH, Circuit Judge.

PER CURIAM.

Petitioner appeals from the final decision of the Merit Systems Protection Board (MSPB), Docket No. NY07548510144, which sustained his removal from his position as a pharmacist with the Veterans Administration for falsification of an application for employment. We affirm.

## OPINION

It was established by undisputed evidence that petitioner had been removed from two prior positions as a pharmacist, and that he had concealed these facts on his form SF–171, Personnel Qualification Statement, dated October 9, 1981. Petitioner contended that his removal was improper because he had not falsified his SF–171 dated July 18, 1983, which he completed in connection with the appointment to the position from which the agency had removed him in this instance.

We think the MSPB correctly held that the fact that he made no false statements on his current application did not absolve him from culpability for the false statements he had previously made. We find nothing in 5 CFR § 731.202(b)(3) (the pertinent regulation relating to intentional false statements made in connection with an employee's appointment) which restricts the application of the regulation to an employee's current SF–171.

The MSPB also correctly concluded that there was a nexus between the ground on which petitioner was removed and the efficiency of the service. Falsification of records, such as the SF–171, is a type of misconduct from which a nexus between the dismissed employee's misconduct and the efficiency of the service is presumed. *Phillips v. Bergland,* 586 F.2d 1007, 1011 (4th Cir.1978).

Finally, we reject petitioner's contention that the OPM failed to discharge its burden of proving that the petitioner had not been rehabilitated. Evidence of rehabilitation is only one of the *Douglas* factors potentially mitigating the penalty the agency imposed. Once the agency has presented a prima facie case of proper penalty,

however, the burden of going forward with evidence of mitigating factors shifts to petitioner. *Allred v. Department of Health and Human Services,* 786 F.2d 1128 (Fed. Cir.1986). *See also Spears v. United States,* 230 Ct.Cl. 1005, 1007 (1982). None of the MSPB decisions cited by petitioner supports his contention. Instead, they support the MSPB decision in this case. *See e.g., Pound v. Office of Personnel Management,* 25 MSPR 134, 137 (1984) (petitioner failed to present sufficient evidence of rehabilitation).

Furthermore, it is not reversible error if the Board fails expressly to discuss all the *Douglas* factors. *Kumferman v. Department of the Navy,* 785 F.2d 286, 291 (Fed. Cir.1986). Here the petitioner has failed to convince us that the Board abused its discretion in not expressly discussing his potential for rehabilitation.

AFFIRMED.