923 F.2d 870
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Henry E. LASSITER, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 90-3361.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1990.
 
 Before RICH, PAULINE NEWMAN and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner appeals from the April 13, 1990 decision of the Merit Systems Protection Board (Board), Docket No. SF07529010128. The Board upheld petitioner's removal for falsification of his employment application. This court affirms.
 
 OPINION
 
 2
 Petitioner appeals his removal from his position as a warehouse worker at the Naval Supply Center in San Diego, California. The Board found that petitioner had falsely responded to Question 40 on his SF 171 employment application ("Have you ever been convicted of or forfeited collateral for any felony violation?"). 5 U.S.C. Sec. 7513 (1978) allows an agency to remove an employee for "such cause as will promote the efficiency of the service." Falsification of records, such as the SF 171 employment application, is the type of misbehavior from which "a nexus between the dismissed employee's misconduct and the efficiency of the service is presumed." Kissner v. Office of Personnel Management, 792 F.2d 133 (Fed.Cir.1986). Thus, Sec. 7513 contemplates removal as a reasonable penalty for employment application falsification.
 
 
 3
 Under 5 U.S.C. Sec. 7703(c), this court will affirm a Board decision unless it is arbitrary, capricious, procedurally deficient, or unsupported by substantial evidence. The Board correctly determined that the Navy had committed no procedural error in removing petitioner. Additionally, the Board correctly held that the Navy had shown that petitioner, with intent to deceive, omitted information concerning his five felony convictions. The Board found petitioner's explanation that he misinterpreted Question 40 not credible. Substantial evidence supports the Board's judgment.