985 F.2d 585
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lonnie M. HOPKINS, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 92-3394.
 United States Court of Appeals, Federal Circuit.
 Dec. 28, 1992.
 
 Before PAULINE NEWMAN, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and PLAGER, Circuit Judge.
 EDWARD S. SMITH, Senior Circuit Judge.
 
 DECISION
 
 1
 Lonnie M. Hopkins (Hopkins) appeals the decision of the Merit Systems Protection Board (MSPB)[1] that sustained his removal from the position of Correctional Officer at the Federal Correctional Institution in Milan, Michigan for falsification of documents relating to his application for employment with the Department of Justice (agency). Specifically, the MSPB sustained the charge that Hopkins did not disclose the fact that he had been hired as a car salesman on 26 October 1989 and subsequently fired on 29 November 1989: (1) on his 15 January 1990 application for employment with the agency[2]; (2) on his 12 April 1990 "Questionnaire for Sensitive Positions"[3]; and (3) during his 13 April 1990 "Integrity Interview" conducted by agency officials. Having sustained the charge of falsification, the Administrative Judge (AJ) considered and affirmed the propriety of the penalty of removal. We affirm.
 
 OPINION
 
 2
 On appeal[4], Hopkins asserts five arguments in support of his position that the MSPB's decision should be reversed. First, Hopkins contends that the AJ erred in denying his request for certain Governmental officials as witnesses at the MSPB hearing. The AJ in a MSPB hearing has "the authority to exclude truly irrelevant or overly repetitious testimony" under 5 C.F.R. § 1201.41(b)(10) (1992).[5] The AJ articulated her reasons for excluding certain Governmental witnesses in a 6 September 1991 memorandum[6]. We find that she did not exceed her authority by excluding one witness that Hopkins failed to identify by name and two additional witnesses whose testimony the AJ determined would be immaterial to the issues on appeal before the MSPB.
 
 
 3
 Second, Hopkins asserts that the agency failed to prove by a preponderance of the evidence that he falsified his employment application with the intent to defraud or deceive the agency.[7] The requisite intent may be inferred from the surrounding circumstances and circumstantial evidence.[8] In finding that the agency had proved the requisite intent, the AJ was especially persuaded by the fact that Hopkins admitted that he knowingly failed to inform the agency of the fact of his employment and subsequent termination as a car salesman during the fall of 1989.[9] Additionally, in a written response to the agency, Hopkins admitted that he failed to disclose the information because of "the negative conotation [sic] attached to 'being fired.' "[10] The AJ's finding that Hopkins intentionally falsified his employment applications with the purpose of deceiving the agency is supported by substantial evidence.
 
 
 4
 Third, Hopkins argues that the agency failed to prove by a preponderance of the evidence that removal, as opposed to a lesser penalty, would promote the efficiency of the service. This court has held that "[f]alsification of records, such as the SF-171, is a type of misconduct from which a nexus between the dismissed employee's misconduct and the efficiency of the service is presumed."[11] Falsification of records is an act which goes to the heart of an employee's "reliability, veracity, trustworthiness, ethical conduct and certainly affects the efficiency of the service."[12] Removal is well within the range of proper penalties in the case of falsification of employment documents.[13] The AJ did not act arbitrarily or capriciously in finding that the agency's decision to remove Hopkins was "within the tolerable limits of reasonableness."
 
 
 5
 Next, Hopkins contends that the agency employs others who have falsified their employment applications, and, therefore he was treated in a disparate manner when the agency removed him from employment for falsification while retaining the other employees. This court has held that "[u]nevenness in application of a penalty is not a ground for invalidating it."[14] The AJ did not abuse her discretion in reasoning that "the agency should not be precluded from taking action simply because the discipline of other employees may also be warranted for reasons not yet known to the agency."
 
 
 6
 Finally, Hopkins asserts that the decision of the MSPB should be reversed because the AJ was biased in favor of the agency. Hopkins' conclusory allegations[15] do not overcome the presumption of honesty and integrity that accompanies administrative adjudicators.[16]
 
 
 7
 The AJ's decision sustaining the charge of falsification of documents related to Hopkins' application for employment and the penalty of removal is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.[17] Accordingly, the decision of the MSPB is affirmed.
 
 
 
 [1]
 MSPB opinion dated 5 November 1991, Docket No. CH-0752-91-0679-I-1
 
 
 [2]
 Form entitled "Application for Federal Employment" (SF-171)
 
 
 [3]
 Form SF-86
 
 
 [4]
 Hopkins' petition for review of the 5 November 1991 decision by the full board was denied by order dated 25 March 1992
 
 
 [5]
 Frampton v. Department of Interior, 811 F.2d 1486, 1489 (Fed.Cir.1987)
 
 
 [6]
 "Memorandum of Telephonic Pre-hearing Conference."
 
 
 [7]
 In order to sustain the charge of falsification before the AJ, "the agency [had to] prove by a preponderance of the evidence that [Hopkins] knowingly supplied wrong information, and that he did so with the intention of defrauding the agency." Naekel v. Department of Transp., 782 F.2d 975, 977 (Fed.Cir.1986) (citing Tucker v. United States, 624 F.2d 1029, 1033 (Ct.Cl.1980))
 
 
 [8]
 Tucker v. United States, 624 F.2d 1029, 1033 (Ct.Cl.1980)
 
 
 [9]
 Hopkins' explanation for failing to report the work history at issue is that because he was released during his initial probationary period, his supervisor at the car dealership told him that he could act as if he had never worked there
 
 
 [10]
 "Responses to Derogatory Information on Lonnie Hopkins" dated 10 April 1991
 
 
 [11]
 Kissner v. Office of Personnel Management, 792 F.2d 133, 134 (Fed.Cir.1986) (citing Phillips v. Bergland, 586 F.2d 1007, 1011 (4th Cir.1978))
 
 
 [12]
 Rodriguez v. Seamans, 463 F.2d 837, 843 (D.C.Cir.), appeal dismissed, 409 U.S. 1094 (1972)
 
 
 [13]
 See Kissner, 792 F.2d at 134-35; Hamilton v. Department of the Air Force, 52 M.S.P.R. 45 (1991); Pichot v. Department of Justice, Bureau of Prisons 29 M.S.P.R. 477 (1985)
 
 
 [14]
 Schapansky v. Department of Transp., FAA, 735 F.2d 477, 485 (Fed.Cir.), cert. denied, 469 U.S. 1018 (1984) (citations omitted)
 
 
 [15]
 In his informal brief, Hopkins contends: "Based on the assumptions, references, and decisions it is apparent [that the AJ] favors management. Many issues were never substantiated by the agency and other issues were never refuted by the agency."
 
 
 [16]
 Ash Grove Cement Co. v. F.T.C., 577 F.2d 1368, 1376 (9th Cir.), cert. denied, 439 U.S. 982 (1978); Oliver v. Department of Transp., 1 M.S.P.R. 382 (1980)
 
 
 [17]
 5 U.S.C. § 7703(c) (1988); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984)