988 F.2d 131
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Willie J. DAVIS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3561.
 United States Court of Appeals, Federal Circuit.
 Jan. 26, 1993.
 
 51 M.S.P.R. 247
 AFFIRMED.
 Before RICH, LOURIE and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Willie J. Davis petitions for review of a March 26, 1992 Initial Decision of the Merit Systems Protection Board (Board), Docket No. PH0731920160I1, which became the final decision of the Board on July 20, 1992 when it denied further review. The Board held that the Office of Personnel Management (OPM) did not err in instructing the Department of the Navy to remove Davis from his position as an accounting technician for falsification of his SF-171 employment application. We affirm.
 
 DISCUSSION
 
 2
 Davis was convicted in 1988 for felony robbery. Davis did not include this information, however, on his SF-171, even though Question # 40 specifically asked "Have you ever been convicted of or forfeited collateral for any felony?" Because he omitted this information, OPM directed the Navy to remove Davis. Upon appeal of his removal, the Board noted that Davis also did not include this information in response to Question # 42, which specifically asked about convictions or imprisonments in the last ten years that were not mentioned in response to Question # 40. The Board found Davis' explanations as to why he omitted this information patently incredible and that substantial evidence indicated that he knowingly omitted this information with the intent to deceive.
 
 
 3
 Furthermore, the Board noted that 5 USC § 7513 (1988) allows an agency to remove an employee for such cause as will "promote the efficiency of the service." The falsification of records, such as an SF-171, is the type of behavior from which "a nexus between the dismissed employee's misconduct and the efficiency of the service is presumed." Kissner v. Office of Personnel Management, 792 F.2d 133, 134 (Fed.Cir.1986). Thus, section 7513 contemplates removal as a reasonable penalty for falsification of an employment application. As also recognized by the Board, 5 CFR § 731.202 does not require an agency to affirmatively consider each factor listed therein in making removal determinations. Even so, OPM did consider the bulk of the factors relevant in this particular case and still found removal proper.
 
 
 4
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC § 7703(c) (1988). Finding no such grounds present here, we affirm.