29 F.3d 645
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arthur R. BERMUDEZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3146.
 United States Court of Appeals, Federal Circuit.
 June 13, 1994.
 
 Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Arthur R. Bermudez petitions for review of the January 25, 1994 decision of the Merit Systems Protection Board, Docket No. SF0731930774-I-1, affirming the suitability determination of the Office of Personnel Management (OPM) cancelling his present and future eligibility for a position in the competitive federal service for three years. We affirm.
 
 BACKGROUND
 
 2
 Arthur Bermudez was hired on November 18, 1990 by the U.S. Bureau of Prisons as a physician's assistant, GS-11, at the Federal Correctional Institution (FCI) in Englewood, Colorado. While serving as a probational employee, Bermudez was given notice that the institution proposed to terminate his employment because he had falsified and omitted information on his Standard Form (SF) 171 ("Application for Federal Employment"), SF-86 ("Security Investigation Data for Sensitive Position"), and SF-144 ("Statement of Prior Federal Service") by failing to report his previous termination from service as a physician's assistant at the FCI in Lompoc, California. On April 13, 1991, Bermudez resigned from his position at the FCI, Englewood for "personal reasons."
 
 
 3
 By letter dated August 5, 1992, Bermudez requested that the OPM determine his suitability for further employment as a physician's assistant. See 5 C.F.R. Sec. 731.601(a) (1992). After conducting an investigation, the OPM determined that Bermudez "was not a suitable candidate for federal employment in any position" because he had, among other things, intentionally falsified employment documents submitted in support of his application for the physician's assistant position at FCI, Englewood. See 5 C.F.R. Sec. 731.202(b)(3) (1992). Accordingly, the OPM cancelled all of Bermudez's present and future eligibility for positions in the competitive federal service for three years. See 5 C.F.R. Sec. 731.304(a) (1992). Bermudez appealed the OPM's suitability determination to the Merit Systems Protection Board.
 
 
 4
 On appeal, the Administrative Judge (AJ) ruled on two of the nineteen charges of falsification or dishonesty upon which the OPM relied in reaching its suitability determination. The two charges at issue related to the intentional falsification of employment documents used by Bermudez to gain employment at the FCI, Englewood. The AJ found that Bermudez had deliberately falsified his SF-171 and SF-86 with the intent to mislead the OPM and that the charges were sufficient to sustain the OPM's suitability determination. The AJ's decision became the final decision of the Board on January 25, 1994.
 
 DISCUSSION
 
 5
 In challenging the Board's decision, Bermudez argues that the OPM failed to prove that he falsified his employment documents with the intent to deceive or mislead the OPM. Although he concedes that his employment documents were incomplete to the extent that information relating to prior employment terminations was omitted therefrom, Bermudez claims that the omissions were due to a "lack of space" and because he believed that such information was not pertinent to the position to which he was applying.
 
 
 6
 We have reviewed the record and conclude that substantial evidence supports the Board's finding that Bermudez knowingly supplied incorrect information with the specific intent to defraud or mislead the OPM at the time he applied for the position at the FCI, Englewood. The Board found that Bermudez had ample opportunity, in terms of both time and access to records, to prepare complete and accurate documents. Moreover, two of the terminations that Bermudez failed to report were in the medical field, including the physician's assistant post at the FCI, Lompoc. Because that information was significant and relevant, and might have reflected unfavorably on him, the Board could reasonably have concluded that the information was omitted in a deliberate attempt to mislead hiring officials and was not the result of mere inadvertence.
 
 
 7
 The Board was also entitled to conclude that the OPM's decision to cancel Bermudez's present and future eligibility from competitive federal service promoted the efficiency of the service. See 5 C.F.R. Sec. 731.201 (1992). "Falsification of records, such as the SF-171, is a type of misconduct from which a nexus between the dismissed employee's misconduct and the efficiency of the service is presumed." Kissner v. Office of Personnel Management, 792 F.2d 133, 134 (Fed.Cir.1986).
 
 
 8
 Because the decision of the Board sustaining the OPM's suitability determination is supported by substantial evidence and is in accordance with law, we affirm. See 5 U.S.C. Sec. 7703(c) (1988).