**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-40294**
**Summary Calendar**
_____

**CHARLES BRUTON,**

**Plaintiff-Appellant,**

**versus**

**MARVIN T. RUNYON, JR.,**
**In his official capacity as Postmaster General,**
**United Postal Service,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
for the Eastern District of Texas
(9:94-CV-274)
_____

October 24, 1996

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Charles R. Bruton appeals the final judgment of the district court, which dismissed his

case with prejudice after granting the Postmaster's motion for summary judgment. Bruton argues

that the district court erred in granting the Defendant's motion for summary judgment and dismissing

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Bruton's complaint of racial discrimination under Title VII because the defendant's motion for summary judgment, and the district court's order, failed to address all of the fact issues presented by Bruton's complaint and failed to address his allegations of racial discrimination.

In a racial discrimination suit under Title VII, 42 U.S.C. §2000(e) *et seq.*, the burdens of production are as follows: 1) The plaintiff must prove a *prima facie* case of discrimination by a preponderance of the evidence; 2) Assuming the plaintiff establishes a *prima facie* case, the defendant must state a legitimate non-discriminatory reason for the plaintiff's treatment; 3) Once the defendant states a legitimate, non-discriminatory reason, the plaintiff then has the burden of proving that the defendant's reason is pretextual. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). To avoid summary judgment, the plaintiff must show that the evidence as a whole raises a fact issue regarding whether the employer was truly motivated by its stated reason, and creates a reasonable inference that race was a determinative factor in the event of which the plaintiff complains. *Rhodes v. Guiberson Oil Tools*, 75 F.d. 989, 994 (5th Cir. 1996) (*en banc*).

Bruton was removed from the Postal Service after the Postal Service discovered Bruton had given a false answer in his employment application, by failing to admit that he had been arrested and sentenced to five days in jail for possession of marijuana. On appeal, Bruton does not deny that he falsified his application. Rather, he argues that the district court erred in granting summary judgment because he created an issue of fact when he alleged in his complaint that he had been harassed because of his race. Bruton seems to argue that he has established a *prima facie* case of discrimination because the Defendant's reason for discharging Bruton allegedly has no "rational basis." Appellant's Br., pp. 6-7. (stating that "[i]n conjunction with the prima facie case, the evidence

2

showing the defendant-appellee's reasons for discharging plaintiff-appellee (*sic*) had no rational basis, a resulting finding of discrimination obtains (*sic*)").

In the Postmaster's Motion for Summary Judgment, the employer assumed without conceding that Bruton made out a *prima facie* case of race discrimination and argued that it had articulated a legitimate non-discriminatory explanation for firing the plaintiff (i.e., Bruton lied in his employment application) and that Bruton had failed to raise an issue of fact regarding whether the defendant's stated reason for Bruton's discharge was a mere pretext for illegal discrimination. The district court granted summary judgment for the Postmaster based on Bruton's failure to present any evidence that the stated reason for his termination was pretextual.

The Defendant has stated a legitimate reason for terminating Bruton's employment. *See*, *e.g.*, *Kissner v. Office of Personnel Management*, 792 F.2d 133, 134 (Fed. Cir. 1986) (finding that a government employee's removal from his position was proper where he lied on an employment application). Accordingly, it was Bruton's burden to raise a fact issue regarding whether this reason was a pretext for discrimination. Bruton has not provided any evidence that this reason was pretextual; instead he argues that his allegations alone raise a fact issue in the absence of summary judgment evidence by the Defendant to rebut his complaint. Bruton's argument confuses the issue; while it is the defendant's burden to rebut a *prima facie* case of racial discrimination, once the defendant has stated a valid reason for termination the defendant is not burdened with disproving the plaintiff's allegations. Rather, the onus is on the plaintiff to prove this stated reason is pretextual. *Rhodes*, 75 F.3d at 993.

In response to the Defendant's motion for summary judgment, Bruton presented no evidence of racial discrimination or that the reason given for his discharge was a pretext for

3

discrimination. A party opposing summary judgment must "come forward with specific facts showing that there is a genuine issue for trial." *Mashushita Electrical Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The raising of conclusory allegations, unsubstantiated assertions or beliefs, or merely a scintilla of evidence is insufficient. *See Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 195 (1994).

In response to the Defendant's Motion for Summary Judgment, Bruton only provided allegations of discrimination. The district court's decision granting summary judgment must therefore be **AFFIRMED.**