101 F.3d 716
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James E. MCDONALD, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3317.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1996.
 
 Before PLAGER, RADER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner James E. McDonald ("Petitioner" or "McDonald") was hired as a Nursing Assistant by the Department of Veterans Affairs ("VA"). After the Office of Personnel Management ("OPM") conducted a suitability investigation and found him unsuitable for federal employment because he intentionally falsified and omitted information from his federal employment forms, OPM directed that he be discharged from the VA. The Merit Systems Protection Board ("MSPB" or "Board") sustained the determination of negative suitability and the discharge. McDonald now appeals from the Board's final decision. We affirm.
 
 DISCUSSION
 
 2
 The Board found that McDonald, by not disclosing on his SF-171 and SF-61B federal employment forms his employment with the Ridgewood Care Center ("Ridgewood") and the fact that he had been terminated, knowingly and intentionally falsified and omitted relevant information regarding his termination from his previous position. The Board also found that there was a nexus between the ground on which McDonald was removed from his position with the VA and the efficiency of his service in that position.
 
 
 3
 McDonald does not challenge the finding that he omitted information, but he does feel that he should be reinstated to his position at the VA. Falsifying an SF-171 employment form is a type of misconduct from which a nexus between the dismissed employee's misconduct and the efficiency of his or her service is presumed. Kissner v. Office of Personnel Management, 792 F.2d 133, 134 (Fed.Cir.1986). See 5 C.F.R. § 731.202(b)(3). Because McDonald did not rebut that presumption with any material evidence, the Board's determination that his discharge was reasonable is not erroneous.
 
 
 4
 McDonald also disputes the appropriateness of classifying his termination from Ridgewood as a firing, contending that he could not have been fired since he quit before Ridgewood could fire him. He asks for subpoenas to bring in witnesses to establish the facts. Whether he quit before he was fired, or was fired first, is not relevant to the issue of whether he knowingly and intentionally failed to disclose his employment and the circumstances of his termination. Thus, the Board's decision to sustain the finding of negative suitability and the direction to discharge McDonald is not arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (1994).