108 F.3d 1395
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kevin F. KELLY, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 96-3352.
 United States Court of Appeals, Federal Circuit.
 March 18, 1997.
 
 Before NEWMAN, CLEVENGER, and SCHALL, Circuit Judges.
 PER CURIAM..
 
 
 1
 Kevin F. Kelly appeals from the decision of the Merit Systems Protection Board (Board), Docket No. BN0752950363-I-1, adopting the Initial Decision of the administrative judge, which sustained Mr. Kelly's removal for falsifying government documents. We affirm.
 
 
 2
 * Mr. Kelly was employed by the Department of Transportation (DOT) for 17 years as an Aviation Safety Inspector, GS-13. During 1993-94, Mr. Kelly was entitled to claim travel expenses for relocating from New York to Connecticut. Mr. Kelly claimed expenses for himself, his wife, and their four children, but later admitted in an affidavit that his family accompanied him an average of only three days per week. As a result of his falsification, Mr. Kelly received approximately $16,000 to which he was not entitled.
 
 
 3
 Donald Plouffe, Mr. Kelly's second-level supervisor and the deciding official in this case, conducted an informal hearing, and also spoke with Mr. Kelly's supervisors and peers. Ultimately, Mr. Plouffe decided to remove Mr. Kelly from service effective September 8, 1995. On appeal to the Board, the administrative judge sustained this action after determining that Mr. Kelly had supplied incorrect information with an intent to deceive. We review Mr. Kelly's appeal of that decision pursuant to 5 U.S.C. § 7703(c) (1994), which requires us to affirm the Board's decision unless it is: arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence.
 
 II
 
 4
 On appeal, Mr. Kelly does not contest the administrative judge's determination that he committed the offense of falsifying government documents. Instead, he contends that his misconduct had nothing to do with his duty of inspecting aircraft parts. The caselaw is clear, however, that a presumptive nexus exists between falsification of government documents and harm to the efficiency of the service. See, e.g., Kissner v. Office of Personnel Management, 792 F.2d 133, 134 (Fed.Cir.1986); Philips v. Bergland, 586 F.2d 1007, 1011 (4th Cir.1978). Furthermore, the record indicates that Mr. Kelly held a position of significant independence, responsibility, and importance. Such a position requires a high degree of trust by his supervisors, which Mr. Kelly violated. With the nexus of that offense to the service's harm thus established, we next consider his remaining arguments.
 
 
 5
 Mr. Kelly contends that his due process rights were violated because Mr. Plouffe conferred with other employees before making his penalty decision, and Mr. Kelly did not have an opportunity to confront or cross-examine those employees. Absent a statute or regulation to the contrary, there exists no legal prohibition against ex parte communications between the deciding official and other employees at the agency level before taking adverse action. See, e.g., Depte v. United States, 715 F.2d 1481, 1484 (Fed.Cir.1983); Lizut v. Department of Army, 30 M.S.P.R. 119, 127 (1986). Mr. Kelly points to no statutory or regulatory provision in this case that would prohibit Mr. Plouffe's discussions, which the record indicates were conducted for the purpose of seeking mitigating circumstances that could be used in Mr. Kelly's favor. Mr. Kelly's due process rights are satisfied by the requirement that the agency provide him a written basis for its action, the propriety of which is not challenged on appeal, and his subsequent ability to contest that basis and the agency's action at the Board hearing.
 
 
 6
 Finally, Mr. Kelly contends that the choice of removal as the penalty for his misconduct is unduly harsh. We cannot disturb the penalty chosen by the agency unless it is so "outrageously disproportionate" to the charged offense in light of all relevant factors as to constitute an abuse of discretion. Yeschick v. Department of Transp., F.A.A., 801 F.2d 383, 384-85 (Fed.Cir.1986).
 
 
 7
 In the present case, the record indicates that both the administrative judge and the deciding official, Mr. Plouffe, determined that the penalty of removal was appropriate after considering the relevant factors established in Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305-06 (1981). They simply determined that the mitigating circumstances in Mr. Kelly's case, namely his 17 years of service, were overwhelmed by the harm caused by his actions. Indicative of the degree of harm is the fact that when notified of an error in his submitted travel vouchers, rather than correcting the error, Mr. Kelly obtained false documents from various hotels to support his false reimbursement claims.
 
 
 8
 The imposed penalty of removal also appears consistent with the DOT's actions in similar situations. The record indicates that in the one other case involving falsification of which Mr. Plouffe was aware, the DOT imposed a penalty of removal.
 
 
 9
 Because Mr. Kelly has failed to demonstrate any reversible error, we affirm the Board's decision.