**Jerry T. McFALLS, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3167.

United States Court of Appeals, Federal Circuit.

Oct. 10, 2002.

Before RADER, Circuit Judge,
ARCHER, Senior Circuit Judge, and
SCHALL, Circuit Judge.

DECISION

PER CURIAM.

Jerry T. McFalls petitions for review of
the final decision of the Merit Systems
Protection Board ("Board") that affirmed
the Office of Personnel Management's
("OPM's") negative suitability determina-
tion against him. *McFalls v. Office of
Pers. Mgmt.*, No. DE–0731–01–0015–I–1,
2002 WL 104282. We *affirm.*

DISCUSSION

I.

OPM made a negative suitability deter-
mination against Mr. McFalls after it con-
cluded that he had provided false and de-
ceptive information during the federal
employment application process. This
meant that Mr. McFalls was removed
from the accounting position he held at
that time with the Defense Finance and
Accounting Service ("DFAS"). Mr.
McFalls appealed OPM's determination
and his removal from DFAS to the

Board, which affirmed. He now appeals
to us.

II.

Our scope of review in an appeal from a
decision of the Board is limited. Specifi-
cally, we must affirm the Board's decision
unless we find it to be arbitrary, capri-
cious, an abuse of discretion, or otherwise
not in accordance with law; obtained with-
out procedures required by law, rule, or
regulation having been followed; or unsup-
ported by substantial evidence. 5 U.S.C.
§ 7703(c); *Kewley v. Dep't of Health &
Human Servs.*, 153 F.3d 1357, 1361 (Fed.
Cir.1998). Mr. McFalls makes several ar-
guments on appeal. We address them in
turn.

III.

A. Mr. McFalls argues that the Board
erred in allowing OPM to prove the charge
of "intentional false statement, deception
or fraud in examination or appointment."
According to Mr. McFalls, OPM should
have been required to prove that he was
not suitable for federal employment. This
argument is without merit.

■ In a suitability case, before an em-
ployee or appointee can be removed, OPM
must determine whether such an action
"will promote the efficiency of the service."
5 C.F.R. § 731.201 (2000). In determining
whether its action will promote the effi-
ciency of the service, OPM looks to the
conduct of the employee. *See* 5 C.F.R.
§ 731.202(a) (2000). For example, an em-
ployee's "[i]ntentional false statement or
deception or fraud in examination or ap-
pointment" may be considered a basis for
finding an employee unsuitable. 5 C.F.R.
§ 731.202(b)(3) (2000). *See Kissner v. Of-
fice of Pers. Mgmt.*, 792 F.2d 133, 134
(Fed.Cir.1986) (holding that falsifying an
employment application form is a type of

misconduct upon which a nexus between the dismissed employee's misconduct and the efficiency of the service is presumed). Therefore, in this case, the Board did not err in allowing OPM to prove Mr. McFalls' conduct of making an "intentional false statement, deception or fraud in examination or appointment." In short, the Board properly considered Mr. McFalls' falsification in connection with his employment application with the United States Army Audit Agency ("USAAA") and with DFAS.

B. Mr. McFalls argues that the Board incorrectly found that he intended to deceive the USAAA during the application process for an auditor position. We disagree; substantial evidence supports the Board's finding.

■ Mr. McFalls completed an employment application for an auditor position with the USAAA on April 14, 1999. In the application, he indicated that he was employed as an auditor at the Department of Health and Human Services ("HHS"), even though he had submitted his resignation to HHS one day earlier. Although his resignation was not effective until May 8, 1999, and therefore he was technically still working for HHS, we believe that Mr. McFalls had an affirmative obligation to notify the USAAA, at least after May 8, 1999, that he no longer was employed by HHS. However, Mr. McFalls failed to inform the USAAA of his resignation even during the interview with the USAAA on June 1, 1999. In fact, he told the USAAA that he had resigned from HHS only when a personnel management specialist with the USAAA confronted him on June 2, 1999. Substantial evidence supports the Board's finding that Mr. Mcfalls intended to deceive the USAAA.

C. Mr. McFalls contends that the Board incorrectly decided that he provided false information on Optional Form ("OF") 306, "Declaration for Federal Employment," and Standard Form ("SF") 86, "Questionnaire for National Security Positions," during the appointment process for his position with DFAS. We again disagree; substantial evidence supports the Board's finding.

■ The false information on these forms concerned Mr. McFalls' employment history and illegal use of a controlled substance. With respect to his employment history, Mr. McFalls' supervisor at HHS informed him that his performance was poor and that a letter of removal was being drafted at the agency's headquarters. Mr. McFalls agreed to resign rather than face a possible performance-based termination. He failed to disclose this resignation information on the OF–306 and SF–86 forms, however. Specifically, question 11 on form OF–306 asked: "During the last 5 years, were you fired from any job for any reason, did you quit after being told that you would be fired, did you leave any job by mutual agreement because of specific problems. . . ." In response, Mr. McFalls answered "No." Similarly, question 22 on form SF–86 asked whether during the last seven years, the applicant had "[l]eft a job by mutual agreement following allegations of unsatisfactory performance." In response, Mr. McFalls did not provide any information regarding his resignation from HHS. In light of these facts, we conclude that substantial evidence supports the Board's finding that by not disclosing information about his resignation from HHS in response to question 11 on OF–306 and question 22 on SF–86, Mr. McFalls provided false information on these forms.

As for the false information concerning illegal use of a controlled substance, question 24a on SF–86 asked: "Since the age of 16 or in the last 7 years, whichever is shorter, have you *illegally* used any controlled substance. . . ." In response, Mr.

McFalls answered "Yes," but in the section of the form requesting additional information, he wrote that he had used "Marijuana" and "Prior to 7 years." This information, that he provided on September 20, 1999, was contrary to two of his prior certified statements about marijuana use. First, on form SF–85P, "Questionnaire for Public Trust Positions," which he filed with HHS on August 31, 1998, he indicated that his last marijuana use was in June of 1997. Second, on another form SF–85P, dated October 14, 1998, he indicated that he had used marijuana in July of 1997. In view of these contradictory statements, we conclude that substantial evidence supports the Board's finding that Mr. McFalls intended to deceive the DFAS about his marijuana use.

D. Finally, Mr. McFalls asserts that the Board incorrectly decided that the OF–306 and SF–86 forms were part of the appointment process for his position with DFAS. We disagree.

We believe that OPM has the authority to require all individuals to complete all appointment forms, including the OF–306 and SF–86 forms, even after the date on which the appointment takes place. Moreover, as the Board correctly noted, pursuant to 5 C.F.R. § 731.301(b) (2000), an employee is subject to investigation during the one-year period after his appointment. The regulation gives an agency authority to request information from the employee during the one-year period, including the authority to have the employee complete forms, such as the OF–306 and SF–86 forms.

For the foregoing reasons, the final decision of the Board is affirmed.