NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3154

DAVID CIANCANELLI,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED:  January 17, 2006

_____

Before NEWMAN, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

Mr. David Ciancanelli appeals the decision of the Merit Systems Protection Board, upholding his removal as a Federal Air Marshal on the charges of failure to honor a just debt and falsification of documents.[1]  We affirm the Board's decision.

DISCUSSION

---

    1    Ciancanelli v. Department of Homeland Security, No. CH0752040262-I-1 (M.S.P.B. Feb. 3, 2005).

Mr. Ciancanelli was hired in January 2002 as a Federal Air Marshal, employed by the Transportation Safety Administration of the Department of Homeland Security (the agency). Before his employment with the agency, Mr. Ciancanelli worked for the Department of Labor. His application for a government credit card as a Federal Air Marshal was denied on the ground that his Labor Department credit card had an outstanding unpaid balance of $4,000. The agency asked Mr. Ciancanelli to explain the denial; he submitted two written responses, on July 30, 2002 and on December 4, 2002. The December 4 response stated that the personal checks he wrote to pay the $4,000 balance were returned by his bank for insufficient funds because the bank had computer problems and erroneously dishonored the checks. Mr. Ciancanelli attached copies of two letters from his bank, one unsigned and referring to computer problems, and one signed by an Account Representative, stating that the bank had erroneously double-debited Mr. Ciancanelli's account on several occasions due to computer error. The agency, upon investigation, determined that the bank letters that Mr. Ciancanelli submitted were fabricated, and dismissed him from employment. Mr. Ciancanelli appealed to the MSPB.

At the hearing before the administrative judge, a Vice President of the bank testified that the bank never had that kind of computer problem, that Mr. Ciancanelli's account never experienced that kind of problem, that no bank employee had the name or signature on the letter or the title of Account Representative, that the letter states the bank had audited Mr. Ciancanelli's account whereas the bank does not audit customers' accounts, that the letters do not show his account number or the bank's mailing address and telephone number as is its practice, that the letters do not state the bank's status as FDIC-insured as required by federal regulation, and that no one at the bank recalled preparing such letters.

Mr. Ciancanelli disputed this testimony, stating that he did receive these letters, that the bank did experience such a computer problem, and that the FDIC indication and bank address must have disappeared during the several rounds of copying and faxing of the letters. He stated that the Vice President did not poll all of the employees, and pointed out that the bank's own sample letter also lacked an account number and signature. He stated that his wife took care of his finances, and that he was unaware that the bank had double-debited charges from the debit card. He stated that he received the letters and that his wife gave him the letters by fax and by hand, and that if the letters were false he was not aware of it. He challenges the testimony of the Vice President as hearsay, and neither relevant nor probative.

The administrative judge deemed the testimony of the bank officer to be credible, and found that Mr. Ciancanelli had "submitted the letters in question with the knowledge they contained materially inaccurate information." Slip Op. at 6. Determinations of credibility of witnesses who appear before the administrative judge, and findings based thereon, receive substantial deference. See Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986) (court defers to credibility determinations of the MSPB's trier of fact).

Mr. Ciancanelli argues that the credibility determinations were based on improper criteria, citing Ibrahim v. Dep't of Army, 30 MSPR 531, 536 (1986), and that credibility-based findings of fact can be overruled when a sound basis exists for doing so based on the record, citing Haebe v. Dep't of Justice, 288 F.3d 1288, 1300 (Fed. Cir. 2002). However, the record does not provide such a basis, for the record contains substantial

evidence to support the credibility determination and accompanying findings that the letters were false and that Mr. Ciancanelli knew that the letters were false.

Mr. Ciancanelli also states that any falsification or misrepresentation concerning his bank status was not significant or material because he was entitled to the government credit card, and thus that the penalty of separation from service was disproportionately harsh. The penalty must have a proper and fair relationship to the infraction. We agree that the act of falsifying documents is adequate grounds for removal from employment. Kissner v. Office of Personnel Management, 792 F.2d 133,134 (Fed. Cir. 1986) (falsification charge warrants removal). The ruling that Mr. Ciancanelli knowingly submitted false information to the agency is supported by substantial evidence, and the penalty of removal from federal service must be sustained.