NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DIANA L. HARRISON,**

*Petitioner,*

**v.**

**DEPARTMENT OF AGRICULTURE,**

*Respondent.*

---

2010-3150

---

On appeal from the Merit Systems Protection Board in case No. DC0752100191-I-1.

---

Decided: December 15, 2010

---

DIANA L. HARRISON, District Heights, Maryland, pro se.

ELLEN M. LYNCH, Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

_____

Before BRYSON, DYK, and MOORE, *Circuit Judges*.

PER CURIAM.

## DECISION

Diana L. Harrison appeals the decision of the Merit Systems Protection Board sustaining her removal from a position with the Farm Service Agency ("FSA"), an agency within the Department of Agriculture. We affirm.

## BACKGROUND

Ms. Harrison was employed by the FSA as a Human Resources Assistant. She joined the FSA on April of 2008 and was removed in December of 2009 for conduct unbecoming a federal employee and for providing inaccurate information on federal documents.

The first charge was based on statements Ms. Harrison made about her supervisor, Lisa Greesen. With respect to that charge, Linda Roebuck, a co-worker, testified before the Board that Ms. Harrison told her that she knew where Ms. Greesen lived and "could have her jumped." According to Ms. Roebuck, Ms. Harrison said that she had previously had someone "jumped." Ms. Roebuck testified that she found Ms. Harrison's statements "hostile," and that the statements made her "very uncomfortable." Ms. Roebuck said that she had relayed the threats to a higher-level supervisor in the interest of her safety and that of Ms. Greesen. In addition, Karen Williams, another co-worker, testified about a conversation she had with Ms. Harrison in which Ms. Harrison said that Ms. Greesen had entered Ms. Harrison's office and touched her paperwork and that Ms. Harrison added

that she "wished [Ms. Greesen] was dead." At the hearing, Ms. Harrison denied making those statements. The administrative judge, however, found the statements consistent with Ms. Harrison's attitude towards Ms. Greesen and, based on the demeanor and conduct of the testifying witnesses, the administrative judge found the charge to be supported by preponderant evidence.

The second charge was supported by four specifications. All four specifications involved answers Ms. Harrison provided on Optional Form 306 ("OF-306") as part of her employment application with the FSA and on the "electronic questionnaire for investigations processing" form ("e-QIP") that Ms. Harrison filled out during the investigation of the first charge.

Before joining the FSA, Ms. Harrison worked in a similar position with the Federal Emergency Management Agency ("FEMA") until she was terminated in November of 2004. Following her termination, she appealed to the Board and eventually entered into a settlement agreement with FEMA. The first two specifications relate to her failure to disclose the existence of the settlement agreement. When Ms. Harrison filled out OF-306 on her first day of work with the FSA, she answered "no" to question 12:

> During the last 5 years, have you been fired from any job for any reason, did you quit after being told that you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from Federal employment by the Office of Personnel Management or any other Federal agency?

Ms. Harrison also responded "no" to a similar question on the e-QIP. Because Ms. Harrison had resigned from her position with FEMA by mutual agreement, the administrative judge concluded that her answers were false and therefore sustained the first two specifications.

The third and fourth specifications involved answers Ms. Harrison provided to questions concerning tax delinquencies. Ms. Harrison responded "no" to question 13 of OF-306, which asked, "Are you delinquent on any Federal debt? (including delinquencies arising from Federal taxes . . . .)." She also answered "no" to question 22 of the e-QIP inquiry, which asked, "In the last 7 years, have you . . . been subject to a tax lien." The administrative judge found that Ms. Harrison had been delinquent on her federal tax obligations for a number of years before beginning her job with FSA and that the IRS had imposed a tax lien against her home in December of 2009. Based on those findings, the administrative judge sustained the third and fourth specifications of the falsification charge.

Before her removal in December of 2009, Ms. Harrison had been subject to an earlier disciplinary action by the FSA. In April of 2009, she was issued a letter of reprimand based on her disclosure of confidential information to a co-worker. That reprimand related to a dispute over the agency's failure to give Ms. Harrison a bonus in 2009. FSA employees may be eligible for a monetary bonus if their performance meets certain guidelines. Ms. Harrison had not received a performance review or a bonus as of April of 2009. She sent an e-mail to a colleague who had also not received a performance review and carbon-copied her superiors. The e-mail contained the names of seven other FSA employees who had received bonuses and disclosed the amounts of their bonus awards. Ms. Harrison also contacted the FSA's

Deputy Administrator for Management concerning the status of her performance review. As a result of that conduct, the FSA placed a reprimand letter in Ms. Harrison's personnel file stating that the disclosure of individual remuneration information to her co-workers was contrary to agency policy, set a poor example for other employees, and undermined her trustworthiness as a human resources professional. The letter also faulted Ms. Harrison for sidestepping agency protocol by contacting the agency's Deputy Administrator instead of her more immediate supervisors.

Before the Board, Ms. Harrison presented a whistle-blower defense predicated on her disclosure to the Deputy Administrator that the FSA had failed to conduct her annual review in a timely manner. The administrative judge held that Ms. Harrison failed to show that the disclosure was protected and found that there was no evidence suggesting that the officials who proposed and effected her removal were aware of the disclosure.

After sustaining the charges against Ms. Harrison, the administrative judge held that the FSA had addressed the relevant *Douglas* factors and had concluded that the penalty of removal was reasonable in light of her actions, which were "serious, intentional, and alarming to other employees." The administrative judge accepted the deciding official's testimony that Ms. Harrison was not a good candidate for rehabilitation, as she had been reprimanded before at the FSA and had been removed from a different federal agency and later misrepresented the circumstances of that removal.

DISCUSSION

In challenging the administrative judge's finding on the first charge, Ms. Harrison relies on Ms. Greesen's testimony that Ms. Harrison had never made any threats directly to her and only heard about Ms. Harrison's threats from others. The charged conduct, however, was not limited to threats made directly to Ms. Greesen; threatening language made to others but directed at Ms. Greesen was sufficient to constitute conduct unbecoming a federal employee.

Ms. Harrison also contends that Ms. Roebuck was lying and that the administrative judge should not have credited her testimony. Ms. Harrison relies on the fact that Ms. Roebuck's testimony at various times differed from her testimony and that of Ms. Greesen. After weighing the relative credibility of the witnesses, the administrative judge credited Ms. Roebuck and discredited Ms. Harrison. Credibility determinations are virtually unreviewable on appeal. *Griessenauer v. Dep't of Energy*, 754 F.2d 361, 364 (Fed. Cir. 1985). There is nothing in this case that would justify the unusual step of rejecting the administrative judge's credibility assessment.

With respect to the second charge, Ms. Harrison claims that she did not knowingly and intentionally falsify information regarding her employment with FEMA. To prevail on that charge, the agency was required to prove that the statement was false, that it was material, and that the employee acted with the intent to deceive the agency for her private gain. *Leatherbury v. Dep't of the Army*, 524 F.3d 1293, 1301-02 (Fed. Cir. 2008). The settlement agreement between FEMA and Ms. Harrison permitted her to acknowledge that she left her position by mutual agreement. Although FEMA has

amended her SF-50 to indicate that she was not removed but left by agreement, that change did not alter her obligation to respond truthfully to the questions relating to separation by mutual agreement. Falsification of federal employment applications is a type of misconduct as to which materiality is presumed. *See Kissner v. Office of Pers. Mgmt.*, 792 F.2d 133, 134 (Fed. Cir. 1986). Moreover, an intent to defraud can be inferred from circumstantial evidence, such as an applicant's desire not to disclose information that could adversely affect the likelihood of her being hired. Here, the administrative judge considered the record as a whole and Ms. Harrison's explanations as to why she answered the questions the way she did and found that she acted with an intent to deceive the FSA. That finding is supported by substantial evidence; we therefore sustain the Board's decision with respect to the first and second specifications of the falsification charge.

The Board's findings as to the third and fourth specifications, which relate to Ms. Harrison's failure to disclose her delinquent tax obligations, are also supported by substantial evidence. Ms. Harrison points out that the tax lien against her house was levied in December of 2008, eight months after she filled out the OF-306 in April of that year. The lien was in place, however, when she filled out the e-QIP in June of the next year. And OF-306 asked if she was delinquent on any federal debt, including tax debt. Although Ms. Harrison states that she was on a payment plan with the IRS, she was on that plan because of her tax delinquency.

Ms. Harrison next argues that the penalty of removal was unreasonable. The choice of penalty "is committed to the sound discretion of the employing agency and will not be overturned unless the penalty selected is wholly un-

warranted in light of all the relevant factors." *Guise v. Dep't of Justice*, 330 F.3d 1376, 1382 (Fed. Cir. 2003). The FSA determined that Ms. Harrison's threats directed against her supervisor were unprofessional and inappropriate, and that they adversely affected the work atmosphere. Her misrepresentations on documents relating to her employment and indebtedness history, combined with her prior disclosure of confidential compensation information to her co-worker, raised doubts about her trustworthiness. Under those circumstances, the administrative judge did not err in concluding that the FSA's choice of penalty was within the permissible range of reasonableness.

Finally, to the extent that Ms. Harrison's appeal is predicated on the dismissal of her whistleblower's defense, we affirm the Board's decision. Ms. Harrison had the burden to show by a preponderance of the evidence that she made a protected disclosure and that the disclosure was a contributing factor to the personnel action at issue. *Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1322 (Fed. Cir. 1999). A protected disclosure "evidences (i) a violation of law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A). Ms. Harrison's allegedly protected disclosure is an e-mail relaying confidential bonuses awarded to her co-workers in which she carbon-copied a high-level superior, as well as an independent inquiry to that superior regarding the status of her review and bonus. The administrative judge found that Ms. Harrison failed to show that she had a reasonable belief that the FSA violated a law, rule, or regulation when she made the disclosure in question, and we sustain that finding. The administrative judge therefore properly rejected Ms. Harrison's whistleblower defense.

No costs.

**AFFIRMED**